365 N.E.2d 787 (1977)
Julia J. WICKER, Appellant,
v.
REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION AND HEAD START OF ST. JOSEPH COUNTY, Appellees.
No. 2-1275A385.
Court of Appeals of Indiana, Second District.
July 27, 1977.
Robert C. Rosenfeld, Legal Aid Society of St. Joseph County, South Bend, for appellant.
Theodore L. Sendak, Atty. Gen., Darrell K. Diamond, Asst. Atty. Gen., Indianapolis, for appellees.
WHITE, Judge.
Julia J. Wicker (claimant) seeks reversal of an Employment Security Review Board decision denying her claim for unemployment benefits. Holding the evidence sustains the board's conclusion that claimant quit for personal reasons not constituting good cause in connection with her work, we affirm.
The board's decision included a statement of the facts and the board's findings and conclusions based thereon:
"STATEMENT OF FACTS: The record in this case indicates that the claimant worked for this employer from October 3, 1974, until January 6, 1975; and that her duties consisted of hauling food, for which she was paid $2 per hour, plus 15 cents per mile. The record further shows that the claimant, at the time of hire, had the use of a station wagon and could therefore make the food delivery in one trip. Later, the claimant's station wagon became inoperable and she therefore had to use the family Cadillac, which would not hold as much cargo. Claimant stated that she had to make two trips but was paid mileage for only one trip, under company rules. Claimant stated that because of this additional mileage she could no longer afford to keep this job and therefore quit.
"FINDINGS AND CONCLUSIONS: The Review Board finds that the claimant worked for this employer from October 3, 1974, until January 3, 1975.
"It further finds that claimant resigned from her employment because the car which she originally used at the time of her hire became inoperable and she was forced to use a smaller car.
"It further finds that claimant's use of the smaller car forced her to make two trips to deliver food rather than one trip, even though she was paid for mileage for one trip.
"It further finds that claimant was fully aware of her duties and the terms of her payment for mileage at the time of her hire; and that there is no evidence that the employer violated the terms of hire.

*788 "The Review Board concludes that claimant's reason for resigning was personal in nature and although it may have been a good reason, said reason cannot be considered as good cause in connection with work within the meaning of the Act."
The board's conclusion is based on Ind. Ann. Stat. § 22-4-15-1 (Burns Code Ed., 1976 Supp.) which disqualifies from benefits a claimant "[who has] voluntarily left his employment without good cause in connection with the work." To avoid this disqualification provision, a claimant who has voluntarily terminated employment must show:
"(a) that his reasons for abandoning his employment were such as would impel a reasonably prudent man to terminate under the same or similar circumstances; and [our emphasis] (b) that these reasons, or causes, are objectively related to the employment." Gray v. Dobbs House, Inc. (1976), Ind. App., 357 N.E.2d 900, 903.
As to the second requirement, "[t]he cases have not extended the construction of `good cause' to include purely personal and subjective reasons which are unique to the employee, ... ." Geckler v. Review Board (1973), 244 Ind. 473, 477, 193 N.E.2d 357, 359.
Claimant basically argues that she left work because of unreasonable travel expenses and that that reason constitutes good cause in connection with the work. She cites Bateman v. Howard Johnson Co. (La. 1974), 292 So.2d 228, a case involving an employee who quit work because she had to spend approximately forty percent of her daily wages for transportation (taxi) to and from work. There, the court found that her transportation difficulties qualified as "good cause connected with her employment." This approach would be of little avail even if the Bateman rationale had not been specifically rejected in Gray v. Dobbs House, supra (357 N.E.2d at 905). The board found that claimant had quit her job because of dissatisfaction with that part of her compensation represented by the mileage allowance, not because of any undue expense in travelling to and from work.
Interwoven in claimant's argument is an apparent recognition that her real reason for leaving was a dissatisfaction with her compensation. The following statements from her reply brief so indicate, and also attempt to attribute the alleged inadequacy to her employer:
"Claimant's additional expenses are directly related to her work. She was, in effect, expected to do twice the amount of work, two trips, for the same amount of remuneration, fifteen ($.15) per mile for one trip.
* * * * * *
"Additionally, there can be no question that Claimant's reasons for leaving work were both work related and objective in nature. If her employer would have continued to compensate her at the rate of fifteen cents ($.15) per mile for every mile she drove, the Claimant would still be employed. However when her remuneration was cut in half, she had no alternative but to terminate her employment."
Contrary to the intended implication, claimant's mileage expenses were never cut in half. Claimant was told when she was hired that she would receive mileage for only one round trip between the kitchen and classrooms, and that it was her responsibility, as a condition of her employment, to provide a car. Her employer neither required her to use a particular vehicle nor agreed to be the insurer of any vehicle. As found by the board, employer lived up to all conditions of claimant's employment. That claimant's vehicle broke down, even if through no fault of her own, does not transform what was a personal reason for abandoning work into one attributable to her employer.
In Department of Industrial Relations v. Scott (1951), 36 Ala.App. 184, 53 So.2d 882, 884, an employee sought unemployment benefits after he voluntarily left a job he had held for nine months. Under his employment contract he had been paid a monthly salary and given a fixed expense allowance for the use of his automobile, for meals and for lodging. Employee found his expense allowance insufficient in all three *789 areas. In reversing the lower court's decision in favor of employee, the court said:
"The picture disclosed by this record is that of a young man, who after having entered into a contract of employment, the terms of which were admittedly met by the employer in every respect, finds that he is unable to live on the compensation earned under the contract. He thereupon quits his employment.
"The claimant was fully aware of the compensation he was to be paid when he entered into the employment contract. No changes or increased burdens were imposed by the employer after the contract was executed.
"His quitting work did not result from good cause connected with his work, but rather from the unrelated factor that he was dissatisfied with the earnings produced by contract of employment which he had entered into with his eyes open."
The same reasoning applies equally well to, and disposes of, the contentions herein. Claimant may have had good cause for resigning, but that cause, which was peculiar to her, fails to show the required objective relationship to her employment. See Gray, supra, 357 N.E.2d at 903; Bateman, supra, 292 So.2d 228, 232-233 (dissenting opinion).
The decision is
Affirmed.
SULLIVAN, P.J., and HOFFMAN, J., participating by designation, concur.