Willie H. JONES, Claimant-Appellant,

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION and Charles Pelts Tree Surgeons, Appellees.

No. 2–782A198.

Court of Appeals of Indiana, Fourth District.

Dec. 15, 1982.

Judith Ann Hawley, Patricia Smith, Legal Services Organization Of Indiana, Inc., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

Appellant-claimant Willie H. Jones appeals the decision of the Indiana Employment Security Division Review Board denying his unemployment compensation benefits. We reverse.

Jones was employed by Charles Pelts Tree Surgeon in Oxford, Mississippi as a general laborer. Two or three weeks before his last day of work, the company started a job approximately thirty miles away in New Albany, Mississippi. Because Jones was responsible for his own transportation to New Albany, a car pool was arranged with another employee. Jones drove the first week and after his car became inoperable, the other employee drove. After a week or two, the other employee moved away without informing Jones. The first work day after the other employee had moved, Jones waited for his ride in the rain. When the ride did not come, Jones assumed there was no work due to rain. Jones explained that no one had picked him up and his assumption about the rain. The next evening Jones was given his "walking papers." [1]

---

1. We do not characterize the evidence as meaning Jones missed one day or two. Nor do we find the discrepancy important in this case.

Jones filed a claim which was processed by Mississippi through to Indiana, his last residence where he was eligible for unemployment compensation. The Referee denied compensation because claimant had not exerted the necessary effort to maintain the employer-employee relationship and had not maintained the necessary effort to protect his job by securing transportation. Therefore, the Referee concluded Jones quit for personal reasons and not good cause in connection with the work.[2] The Review Board adopted the decision of the Referee.

Generally, the issue of eligibility for unemployment benefits in a voluntary leaving of employment situation centers upon the cause for leaving the employment. Here, however, we do not reach even that issue. This dispute centers upon whether Jones quit or was terminated. A determination of whether a claimant left work voluntarily without good cause is a question of fact to be determined by the Review Board. *National Furniture Manufacturing Co. v. Review Board of Indiana Employment Security Division,* (1960) 131 Ind.App. 260, 170 N.E.2d 381; *Nordhoff v. Review Board of Indiana Employment Security Division,* (1959) 130 Ind.App. 172, 162 N.E.2d 717. When reviewing a determination of the Review Board, this Court examines only the evidence that was before the Board and all reasonable inferences drawn from such evidence. *Shoup v. Review Board of Indiana Employment Security Division,* (1980) Ind.App., 399 N.E.2d 771; *Cornell v. Review Board of Indiana Employment Security Division,* (1979) Ind.App., 383 N.E.2d 1102. Findings of fact made by the Review Board are presumed conclusive and binding. Ind.Code 22–4–17–12. The court may reverse the findings of the Review Board if it determines that reasonable men would be bound to come to a different conclusion based on the evidence, *Kuntz v. Review Board of Indiana Employment Security Division,* (1979) Ind.App., 389 N.E.2d 342, or that there was no substantial evidence supporting the findings. *Williamson Co. v. Review Board of Indiana Employment Security Division,* (1969) 145 Ind.App. 266, 250 N.E.2d 612. Our task is to determine whether the evidence justified those findings. *Graham v. Review Board of Indiana Employment Security Division,* (1979) Ind. App., 386 N.E.2d 699. Here, no evidence supports any of the basic findings which are necessary to support the ultimate decision that Jones quit.

First, transportation to and from work[3] is the responsibility of the employee in the absence of some custom or contract to the contrary. *Gray v. Dobbs House, Inc.,* (1976) 171 Ind.App. 444, 357 N.E.2d 900, 905. As such, it would not be good cause in connection with the employment for leaving work. However, the record does not demonstrate that Jones left work. Jones failed to show up for work. While absenteeism

2. FINDINGS AND CONCLUSIONS: The evidence shows that the claimant worked as a general worker for this employer for a period of three months. His last date of employment was November of 1981. The evidence also showed that the claimant, who was sharing a ride with another employee, did not have available transportation to work since the person with whom he was riding moved without telling the claimant. The evidence also showed that because of lack of transportation the claimant did not go to work. The referee holds that it has always been the employees' responsibility to secure transportation from their place of residence to work and vice versa. Referee finds here, therefore, that claimant has not exerted the necessary effort to maintain the employer-employee relationship and has not maintained the necessary effort to protect his job by securing other transportation.

From the foregoing findings it is hereby held that the claimant quit for personal reasons and not for reasons considered as good cause in connection with the work within the meaning of the Act. Claimant's separation from work therefore is not attributable to this employer. DECISION: The deputy's determination dated January 13, 1982, is hereby affirmed. The statutory penalty of Chapter 15–1 of the Act is applicable.

3. We find, *Wicker v. Review Board of Indiana Employment Security Division,* (1977) 173 Ind. App. 657, 365 N.E.2d 787 distinguishable and therefore inapplicable to the case before us. Wicker was employed to deliver food using her own transportation which became inoperable. It was not a transportation to and from work as was *Gray* and the case before us.

from work without permission may constitute just cause for dismissal, it does not constitute a voluntary quit unless it becomes so through the lapse of an unreasonable amount of time. *Compare Hutt v. Unemployment Compensation Board of Review,* (1976) 28 Pa.Cmwlth. 57, 367 A.2d 390, 391. There was no evidence that an unreasonable amount of time passed which would demonstrate a voluntary termination.

Second, the evidence does not support the finding of the Review Board that Jones did not exert the necessary effort to maintain the employer-employee relationship. If there had been evidence, the determination that Jones quit would be reasonable. There was no presentation of any evidence of what effort was necessary to maintain the employer-employee relationship. In fact, a co-worker, whose job was also in jeopardy, was retained because he owed his employer money. Based on the record it is unclear what effort was necessary for Jones to maintain his employment.

Third, Jones was given his "walking papers." The only reasonable conclusion to be reached is that he was discharged. However, because the employer did not appear at the hearing to carry its burden of demonstrating discharge for just cause, the Board is placed in the position of having to find a voluntary quit in order to deny benefits. It could not reasonably conclude as much based upon the evidence and findings before it.

Reversed.

MILLER, J., concurs.

CONOVER, J., concurs in result.