**Theresa M. WALLACE, Appellant,**

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, John C. Mowrer, David L. Adams and Joe A. Harris, as members of and as constituting the Review Board of the Indiana Employment Security Division; and Memorial Hospital of South Bend, Appellees.**

No. 93A02–8612–EX–456.

Court of Appeals of Indiana, Third District.

July 27, 1987.

Rehearing Denied Sept. 14, 1987.

Rita Parsons, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., William E. Roberts, Keith E. White, Barnes & Thornburg, Indianapolis, for appellees.

HOFFMAN, Judge.

Theresa M. Wallace appeals from a decision of the Review Board of the Indiana Employment Security Division denying her unemployment compensation benefits. In denying Wallace's claim for benefits, the Board affirmed a decision of the appeals referee and adopted the findings of fact and conclusions of law made by the referee. Wallace on appeal challenges the validity of those findings and conclusions.

■ Judicial review of an administrative agency decision is limited to a determination of whether the agency possessed jurisdiction over the matter, whether the order was made in accordance with proper legal procedure, whether it was based on substantial evidence, and whether it violated any constitutional, statutory or legal principles. *Midwest Steel Erection Co. v. Com'r of Labor* (1985), Ind.App., 482 N.E.2d 1369, 1370. Wallace presents several issues for review, only one of which need be considered here:

whether the Review Board made adequate findings and conclusions to support its determination that Wallace was ineligible for unemployment compensation benefits.

The findings of fact and conclusions of law entered by the appeals referee and adopted by the Board are as follows:

"FINDINGS OF FACT: The Referee finds the following: The claimant worked for the subject employer for a period from August 6, 1973, through April 6, 1986, as a psychiatric technician. Her rate of pay at the time of separation was $6.91 per hour. The claimant was placed on a medical leave of absence April 6, 1986, and continues to be on medical leave of absence through and including the date of the hearing.

The claimant provided medical substantiation of the fact that she is, in fact, on a medical leave of absence authorized by the employer and has been on a medical leave of absence from April 6, 1986, through and including the date of the hearing. The claimant contended that she was able, available, and actively seeking other employment. However, medical substantiation of that fact was questionable.

CONCLUSION: From the foregoing findings it must be concluded from the best evidence available that the claimant was, in fact, on a medical leave of absence from April 6, 1986, through and including the date of the hearing, and therefore, ineligible for unemployment compensation from the week ending July 19, 1986, through and including the date of the hearing, in accordance with Chapter 14–Section 3 of the Act, and Regulation 815."

In determining whether the findings of an administrative agency are adequate, this Court must inquire as to whether the findings are sufficient to disclose a valid basis under the issues for the legal result reached. *Ind. Dept. of Correction v. Ind. Civ. Rights* (1985), Ind.App., 486 N.E.2d 612, 615. In determining the fate of Wallace's claim, the referee made the incorrect conclusion that because Wallace was on

medical leave of absence, she was ineligible for unemployment compensation. IND. CODE § 22–4–14–3(a) (1986 Supp.) sets out specific criteria for eligibility for unemployment compensation:

"Sec. 3. (a) An unemployed individual shall be eligible to receive benefits with respect to any week only if he:

(1) is physically and mentally able to work;

(2) is available for work; and

(3) is found by the division to be making an an effort to secure full-time work."

The statute does not contain a requirement that an individual not be on medical leave of absence in order to qualify for unemployment compensation. Thus, the Board erred in adopting the findings of the referee that gave the fact that Wallace was on medical leave of absence as the sole rationale for denying Wallace unemployment compensation. The statute is very specific in its criteria for an individual's eligibility for unemployment compensation, and any denial of that compensation can be based only on a failure to meet the statutory requirements.

Accordingly, the decision of the Review Board is vacated and this cause is remanded for proceedings consistent with this opinion.

Vacated and remanded.

RATLIFF, C.J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent. The "Findings of Fact" clearly indicate that the appeals referee did not believe Theresa M. Wallace's testimony. In his findings, he stated: "The claimant contended that she was able, available, and actively seeking other employment. However, medical substantiation of that fact was questionable." In other words, he did not believe her testimony. He is the finder of fact. Because she could not present any credible evidence that she had received advice from her doctor that she no longer needed to remain on medical leave from her employer, the appeals referee did not be-

lieve her. It is apparent to me that the referee had the statutory criteria clearly in mind when he made his findings. The finding is a negative finding, but its meaning is clear: there was no credible evidence that Theresa M. Wallace was eligible. I would affirm the decision of the Review Board.