**Clifton LEE, Appellant,**

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, John C. Mowrer, Joe A. Harris, and Nanette L. McDermott, as Members of and as Constituting the Review Board of the Indiana Employment Security Division, and Bob's Marathon Auto Care, Appellees.**

No. 93A02–8709–EX–355.

Court of Appeals of Indiana, First District.

Feb. 9, 1988.

Rehearing Denied April 6, 1988.

Jamie Andree, Legal Services Organization of Indiana, Inc., Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Donald B. Kite, Sr., Deputy Atty. Gen., Indianapolis, for appellees.

## STATEMENT OF THE CASE

NEAL, Judge.

Claimant-appellant, Clifton Lee (Lee), appeals the action of defendant-appellee, Review Board of the Indiana Employment Security Division (Review Board), denying his claim for unemployment benefits on account of the termination of his part-time employment at defendant-appellee, Bob's Marathon Auto Care (Bob's).

We affirm.

## STATEMENT OF THE FACTS

Lee commenced working for Bob's in April or May of 1986. He was hired to relieve regular employees on a part-time basis, working only six to ten hours per week, mainly on Sundays, but sometimes on Saturdays. He was employed as a filling station attendant. His duties consisted of inside work, pumping gas, and driving a wrecker. Lee was primarily employed on a full-time basis with Quaker Auto Supply (Quaker's). His work at Quaker's increased, and he was sometimes needed there on weekends. As a result Lee could not work for Bob's regularly on weekends, leaving the station understaffed in his absence. He was away from Bob's four or five weekends in September 1986, but returned in October. In January, 1987, Lee missed two consecutive weekends due to employment at Quaker's. Consequently, Bob's hired another employee, who was already working two to three days a week, to work weekends. When Lee returned Bob's manager informed him he would not fire the new man to let Lee work one day now and then. He also told him that if anything came up he would call Lee; nothing ever did. Lee's last workday at Bob's was on January 23, 1987. He was laid off at Quaker's on February 16, 1987.

A deputy for the Indiana Employment Security Division ruled that Lee had left work voluntarily. His decision was reversed by a referee. On appeal the Review Board reversed the referee and reinstated the decision of the deputy, entering the following decision:

FINDINGS OF FACT:

The Claimant was a full-time employee of Quaker Auto Supply (Quaker). He was hired by Bob's Marathon Auto Care (Bob) to work on week-ends [sic] and at other times outside the hours of his full-time job.

Quaker's demands on his time increased and he was unable to work for Bob regularly on weekends. Bob had work for the Claimant and he was satisfied with his job performance, but he hired a replacement employee who was available when he was needed.

The Claimant was told that his position with Bob had been filled when he again sought part-time work.

CONCLUSIONS OF LAW:

1. That the Claimant elected not to work for Bob in deference to his full-time job.

2. That Bob was under no duty to hold the part-time job available for the claimant's convenience.

3. That the Claimant abandoned Bob's job when it conflicted with the demands of his preferred employment.

DECISION:

That the Claimant elected not to work at Bob's and is inelgibile for unemployment insurance benefits.

Record at 10.

## ISSUE

The sole issue is as follows:

I. Whether the Review Board's decision that Lee elected not to work for his part-time employer is supported by substantial evidence sufficient to disqualify him from receiving unemployment benefits.

## DISCUSSION AND DECISION

Lee first challenges the sufficiency of the Review Board's findings. We have examined the whole record and conclude that while the findings and conclusions of the Review Board are not models, they are sufficient to disclose a valid basis under the issue for the legal result reached. *Wallace v. Review Bd. of Ind. Emp. Sec. Div.* (1987), Ind.App., 510 N.E.2d 1371. No difficulty is experienced in our review of the issues because of inadequate findings. *See Perez v. United States Steel Corp.* (1981), Ind., 426 N.E.2d 29.

Lee's argument consists of two parts. First, he argues that the evidence conclusively shows that he did not quit his part-time job, but was discharged. Secondly, he argues that his discharge was not for just cause.

Findings of fact made by the Review Board are presumed conclusive and binding. The court may reverse the findings of the Review Board only if it finds that reasonable men would be bound to come to a different conclusion based on all of the evidence, or that there was not substantial evidence to support the findings. Whether the claimant left work voluntarily is a question of fact to be determined by the Review Board. Therefore, when reviewing that determination this court examines only the evidence most favorable to support the findings and all reasonable inferences to be drawn therefrom. *Jones v. Review Bd. of Ind. Emp. Sec. Div.* (1982), Ind.App., 442 N.E.2d 1120.

Lee cites *Jones, supra,* in which the court held that where a full-time employee missed work one day because his car pool did not show up, such fact did not constitute abandonment of his job. He also cites *Moore v. Review Bd. of Ind. Emp. Sec. Div.* (1984), Ind.App., 461 N.E.2d 737. There the court found as a matter of law that a full-time employee, who had missed work three days in order to attend an ill sister, did not abandon his job. In that case the court's determination was influenced by the fact that the employer, who bore the burden of proof, presented no evidence at all.

Lee concedes that in *Jones, supra,* there is language which indicates that absenteeism from work without permission can, under the circumstances, amount to voluntary quitting of a job. He argues that there is no evidence that he quit.

We are of the opinion that from all of the circumstances, a legitimate inference can be drawn to support the Review Board's findings and conclusions. Pivotal to the resolution of this case is Lee's primary employment at Quaker's. In contrast to cases cited by Lee, his employment with Bob's was only a part-time, Sunday job. The record does not reflect the reasons why his job at Quaker's was terminated on February 16, 1987, or whether he applied for or was denied benefits on account of that job. In any event, he was employed full-time at Quakers when his part-time employment was terminated at Bob's on January 23, 1987. It would appear that a person who continues to be employed at a full-time job is not eligible for unemployment benefits because he lost a part-time job. Examination of the statutes reveals that before a person is entitled to benefits he must be unemployed, and upon effort, unable to obtain other work. *See* IND. CODE 22-4-3-1, 3-2; IND.CODE 22-4-14-3; IND.CODE 22-4-15-4; and 26 I.L.E. *Social Welfare* § 77, 78 (1959). However, neither Lee nor the Attorney General addresses this conclusion, so we will not make a determination of the case based upon it. Nevertheless, the existence of the primary job is the focal point of Lee's actions and intent.

An employment relationship rests upon contract, express or implied. 12 I.L.E. *Employment* § 2 (1959). A contract requires some sort of commitment by both parties. Without regard to Bob's needs for a dependable commitment, Lee naturally opted to take care of his primary job first, which afforded full-time employment with a full week's pay, as well as some weekend work. From such assignment of priorities, it can be inferred that Lee would work at Bob's, but chose to do so only if and when it suited his convenience. Such whimsical intention on Lee's part is not a commitment at all and therefore forms no contract, express or implied. From appearing for work at Bob's only when there was no weekend work available at Quaker's, it can also be inferred that he had made his choice and for all intents and purposes had quit Bob's.

In the business and commercial world, as well as the job market, many arrangements are reached through tacit understandings and agreements, and intent is evident, although not verbalized by the parties. Acts, not words, characterize that intent. Faced with a choice, Lee chose his primary job. His protestations that he didn't intend to quit, or had never said he quit, will not avail him. The existence of Lee's primary job emphasizes that choice. He could not receive benefits due to the loss of his part-time job while he maintained other full-time employment. Had his employment with Quaker's continued, we do not perceive that he would have made the same arguments and assertions as he now makes.

Since we have determined that there was sufficient evidence to support the conclusion that Lee voluntarily quit his job at Bob's, it is not necessary to address whether he was discharged for just cause.

For the above reasons, this cause is affirmed.

Judgment affirmed.

RATLIFF, C.J., and ROBERTSON, J., concur.