**Tammy J. CHEATEM, Appellant (Claimant Below),**

v.

**REVIEW BOARD OF the INDIANA DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, Michael K. Bonnell, Joe A. Harris, and Nanette L. McDermott, As members of and as Constituting the Review Board of the Indiana Department of Employment and Training Services, and St. Vincent Depaul Store, Appellees (Employer Below).**

No. 93A02–8910–EX–520.

Indiana Court of Appeals, Fourth District.

May 9, 1990.

Donald R. Lundberg, Legal Services Organization of Indiana, Inc., Indianapolis, Gregory L. Volz, Legal Services Organization of Indiana, Inc., Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

CHEZEM, Presiding Judge.

### Case Summary

Claimant/Appellant, Tammy J. Cheatem, appeals from the Indiana Department of Employment and Training Services Review Board's determination that Cheatem voluntarily left employment without good cause. We reverse and remand.

### Issue

Whether the Review Board erred when it determined that Cheatem had voluntarily left employment without good cause within the meaning of Ind.Code 22–4–15–1.

### Facts

Tammy J. Cheatem (Cheatem) was employed at St. Vincent Depaul Store (Store) as a sorter. Her duties included sorting through clothes the employer received and discarding those which were damaged or soiled.

At approximately 3:00 p.m. on April 26, 1989, August Hirsch, store assistant manager, summoned Cheatem into the store manager's office. Myrna Fortner (Fortner), the store manager, informed Cheatem that she was being placed on a three (3) day suspension because she improperly threw away good clothing. Cheatem replied, "No, you might as well fire me."

Cheatem departed the office, clocked out, and left the Store.

After Cheatem arrived home, she telephoned Robert VanBuren, (VanBuren) the store committeeman who processes grievances, to request a hearing on the suspension. On April 28, 1989, VanBuren informed Cheatem that since she was at fault, her request for a hearing was denied.

On May 1, 1989, Cheatem reported for work. At 9:30 a.m., Fortner confronted Cheatem and informed her that she was no longer employed.

Cheatem applied for unemployment benefits. The deputy denied Cheatem benefits and determined Cheatem "left employment without good cause in connection with the work when she left the building without permission after the employer gave her a three (3) day suspension."

On May 30, 1989, Cheatem appealed the deputy's determination. The appeal referee, after a hearing on June 21, 1989, reversed the deputy's decision and determined that Cheatem's employment ended due to poor communication. Store appealed to the Review Board on July 7, 1989. The Review Board, in its August 16, 1989 decision, reversed the referee and held that Cheatem had voluntarily left employment without good cause. The Review Board's findings of fact and conclusions of law are as follows:

### FINDINGS OF FACT:

a) Claimant began work for this Employer in 1985 and worked on a full-time basis as a "sorter." Claimant was earning $4.26/hour as of her last day of work.

b) Claimant was called into her supervisor's office at about 3 p.m. on April 26, 1989, for disciplinary reasons. The supervisor had informed Claimant that she was throwing "good clothing away," and would be given a 3–day suspension. Claimant did not give the Supervisor an opportunity to finish *but* angrily stalked out of the meeting with the parting remark: "No, you might as well fire me!" Then Claimant clocked out and left the premises, without permission, about 1½ hours before her shift ended.

c) Later that day, but without informing her supervisor, Claimant telephoned the store committee chairman (a sort of grievance committee) and asked him to process a grievance and establish a hearing for her. Claimant acknowledges that the committee chairman called her back and informed her that the Claimant was at fault as she had walked off her job and that there would be no hearing on the matter.

d) On May 1, 1989, Claimant reported to her work station without informing her supervisor that she was there. At about 9:30 a.m. the supervisor learned that Claimant was on the premises and she informed Claimant that the Employer considered Claimant as having voluntarily quit her job by her actions of April 26, 1989; and, that Claimant no longer had a job with Employer.

### CONCLUSIONS OF LAW:

1) The Employer bears the burden of proof by a preponderance of the evidence to show that there was just cause within the meaning of the Act in any discharge situation; however, in a voluntary quit situation then the Claimant bears the burden.

2) It is uncontroverted that Claimant was being disciplined by her supervisor on April 26, 1989, at approximately 3 p.m. During the disciplinary session, Claimant did not allow her supervisor to finish detailing the discipline that was being meted out. Claimant departed the supervisor's office with the comment "No, you might as well fire me." She then clocked out and departed the premises approximately one and a half-hours before her shift was to end *without* permission.

3) Claimant's contention that she did not quit but was fired by her supervisor after she returned to work on May 1, 1989, has no merit. One, she did not inform her supervisor that her departure on April 26, 1989, was not a quit; and, secondly, her actions spoke louder than her words.

4) Claimant voluntarily quit her employment for personal reasons: She became

angry for the discipline that was being meted out by her supervisor. She indicated her state of mind with her parting comment. She clocked out during work hours and left the premises without permission. These acts constitute a voluntary quit of her employment.

5) Claimant has failed to meet her burden to show either that she was in fact terminated by her Employer or that she quit her employment for just cause connected with her work within the meaning of the Act.

(Board's emphasis).

Having exhausted her administrative remedies, Cheatem appeals.

### Discussion and Decision

■ Under the Indiana Employment Security Act, a person is not eligible for unemployment benefits "who has voluntarily left his employment without good cause in connection with the work or who was discharged from his employment for just cause." Ind.Code 22–4–15–1(a). The determination whether an employee was fired or voluntarily quit is a question of fact to be determined by the Review Board. *Jones v. Review Board* (1982), Ind.App., 442 N.E.2d 1120, 1122.

■ On review we must determine whether the decision of the Review Board is reasonable in light of its findings. *Shortridge v. Review Bd. of Employment Sec.* (1986), Ind.App., 498 N.E.2d 82, 87. "As a general rule, as to all questions of fact, the decision of the Review Board is conclusive and binding. The Court of Appeals is limited to examination of evidence and reasonable inferences drawn therefrom which would support the Board's decision. The court must accept the facts as found by the Review Board unless its findings fall within one of the exceptions for which the court may reverse." *Id.* (citations omitted) Those exceptions include:

(1) The evidence on which the Review Board based its finding was devoid of probative value;

(2) The quantum of legitimate evidence was so proportionately meager as to lead to the conviction that the finding does not rest upon a rational basis;

(3) The result of the hearing before the Review Board was substantially influenced by improper considerations;

(4) There was no substantial evidence supporting the findings of the Review Board;

(5) The order of the Review Board, its judgment or finding, is fraudulent, unreasonable or arbitrary;

(6) The review Board ignored competent evidence.

*Id.* (citation omitted).

Cheatem contends that the evidence was insufficient for the Review Board to determine that she voluntarily left her employment without good cause.

■ Some manifestation of intent to quit is necessary to show that a claimant voluntarily left his employment. *See Moore v. Review Bd. of Ind. Emp. Sec.* (1984), Ind.App., 461 N.E.2d 737 (evidence relating to employee's missing work for three days to assist his ill sister was insufficient to warrant finding that he voluntarily left his employment without good cause); *Jones, supra* (full-time employee who missed one day because his ride did not show up did not abandon his employment because while absenteeism from work without permission may constitute just cause for dismissal, it does not constitute a voluntary quit unless it becomes so through the lapse of an unreasonable amount of time). *Cf Lofton v. Review Bd. of Ind. Emp. Sec. Div.* (1986), Ind.App., 499 N.E.2d 801 (employee voluntarily submitted notice of resignation stating the reason as intolerable working conditions; issue involved whether employee established good cause); *Lucas v. Review Bd. of Ind. Employment Sec.* (1981), Ind.App., 416 N.E.2d 906 (employee tendered her resignation due to change of shift; issue involved whether her reason for resigning was supported by sufficient evidence); *Batts v. Review Bd. of Ind. Employment Sec.* (1979), 179 Ind.App. 405, 385 N.E.2d 1174 (full-time employee orally told his employer he "quit"; issue involved whether employee could retract his voluntary termination without agreement from employer).

■ Here, upon leaving Fortner's office, Cheatem stated, "No, you might as well fire me." Cheatem did not state that she intended to leave her employment and testified before the Review Board that she did not quit. We note that Cheatem's outburst and abrupt departure were precipitous; however, those actions do not evidence an intent to voluntarily leave employment. Likewise, Cheatem's calling VanBuren to file a grievance regarding the suspension and her returning to work following the suspension are not consistent actions with someone who had terminated her employment.

During the hearing before the Review Board, Fortner was asked whether Cheatem was laid off or discharged, Fortner replied, "It's hard to answer that ... I assumed she quit." Further, when asked what would be the point for Cheatem to file a grievance if she had already quit, Fortner replied, "I don't know. I don't know what she thought. All I know is what happened ... That I didn't fire her. I didn't use those words at all." Fortner further testified as to the possible outcome of filing a grievance: "It is possible that the committee could tell me that I made a mistake and I would have to allow her to come back to work or the suspension would go ahead as stated."

Since the facts do not demonstrate that Cheatem intended to abandon her employment when she left the job premises, the Review Board erred in finding that Cheatem voluntarily left her employment.

When Cheatem returned to work following her suspension, Fortner advised Cheatem that she "no longer had a job there."

■ When an employee was discharged, the burden · of establishing that the discharge was for just cause rests upon the employer. *Wakshlag v. Review Bd. of Ind. Employ. Sec.* (1980), Ind.App., 413 N.E.2d 1078, 1082. This court stated:

"Fault" or "just cause," as used in the Employment Security Act, means failure or volition, and does not mean something blameworthy, culpable, or worthy of censure.

Determination of cause is a question of fact. It is conduct evidencing such willful or wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has a right to expect of his employee, or a carelessness or negligence of such a degree or recurrence as to manifest equal culpability, wrongful intent, or evil design or to show an intentional or substantial disregard of the employer's interest, or of the employee's duties or obligation to his employer.

Here, since no clothing was admitted into evidence, there is no proof that the clothing that Cheatem threw away was in fact soiled. Further, there was no clear evidence of prior unsatisfactory work performance. Thus, we cannot determine whether Cheatem was discharged for just cause. *See McCurdy v. Dept. of Emp. and Training* (1989), Ind.App., 538 N.E.2d 277, 280 (employee-employer mix-up or misunderstanding does not constitute wrongful intent or evil design).

We reverse the Review Board's determination that Cheatem voluntarily left her employment. We reverse and remand to the Review Board for further proceedings consistent with this decision.

RATLIFF, C.J., and MILLER, J., concur.