HOLLINGSWORTH TOOL WORKS *v.* REVIEW BOARD OF
INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 17,841. Filed April 4, 1949.]

*J. Raymond Tindall,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General, *James A. Watson,* Deputy Attorney General and *Glen F. Kline,* Counsel for Employment Security Division, for appellee.

WILTROUT, J.—Appellant was the employer of one William J. McCullough who filed a claim for unemployment benefits with the Indiana Employment Secur-

ity Division. From a decision of the review board, appellant presents its appeal to this court.

The only question to be determined is whether good cause was established to waive the disqualification provision of § 1507 (a) of the Indiana Employment Security Act, § 52-1539f, Burns' 1933 (1947 Supp.), which reads as follows:

"Notwithstanding any other provisions of this act, no benefit rights shall accrue to any individual based upon wages earned from any employer prior to the day upon which:

(a). Such individual left work voluntarily to marry or because of marital, parental, filial, or other domestic obligations; Provided, however, That a referee or the review board in accordance with the procedure established in section 1803 hereof, may upon good cause shown, waive or modify such denial of benefits for such reasons."

The decision of the review board was that good cause had been shown for a waiver of the denial of benefits, and that the claimant, if otherwise eligible, was entitled to his waiting period and benefit rights.

Section 1812 of the Indiana Employment Security Act, § 52-1542k, Burns' 1933 (1947 Supp.), provides that any decision of the review board shall be conclusive and binding as to all questions of fact. Therefore this court will not weigh the evidence and will consider only that evidence most favorable to the decision of the board. *White* v. *Review Board* (1944), 114 Ind. App. 383, 52 N. E. 2d 500.

The employee, a machinist, gave his employer a week's notice, and left his employment in Indianapolis. He moved to a small community where there is no industrial activity.

The reason for leaving his employment and so moving was that his wife had cirrhosis of the spine,

was in a very nervous condition, and wanted to move to this small community where she had numerous friends. The review board inferred from the evidence that she could be better cared for among such friends. Her physical condition was not such as to preclude her husband from being away from home during regular working hours.

He made an active independent search for work in nearby communities where job opportunities normally exist for his work classification. He had an automobile for transportation to and from such work areas.

The finding of the review board that good cause had been shown for a waiver of the denial of benefits was a finding of ultimate fact, and may not be disturbed in the absence of an abuse of discretion in so finding. An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances or the reasonable, probable, and actual deductions to be drawn therefrom. *McFarlan* v. *Fowler Bank City Trust Co.* (1938), 214 Ind. 10, 12 N. E. 2d 752; *Bailin* v. *Bailin* (1944), 223 Ind. 7, 57 N. E. 2d 436.

One of the principal purposes of the Employment Security Act is to relieve the economic insecurity of those who are involuntarily out of employment. Acts of 1947, ch. 208, p. 673, § 101; § 52-1525, Burns' 1933 (1947 Supp.). *Muncie Fdry. Division, etc.* v. *Rev. Bd., etc.* (1944), 114 Ind. App. 475, 51 N. E. 2d 891.

An individual may not always intend to withdraw his services from the labor market when he leaves a particular job for the purpose of discharging marital or domestic obligations. His availability for employment may be shown by a consideration of the circumstances surrounding the leaving of

his employment and by an examination of the situation of the claimant. The pressure of necessity, of legal duty, or family obligation, or other overpowering circumstances, and his capitulation to them, may transform what is ostensibly voluntary unemployment into involuntary unemployment. *Sturdevant Unemployment Comp. Case* (1946), 158 Pa. Super. 548, 45 A. 2d. 898.

Upon the facts, we cannot say that a clear abuse of the review board's discretion has been shown.

Decision affirmed.

NOTE.—Reported in 84 N. E. 2d 895.