GECKLER v. REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 30,494. Filed November 1, 1963.]

*Perry W. Cross* and *Dennis & Cross,* of Muncie, for appellant.

*Edwin K. Steers,* Attorney General, *Keith Campbell,* Deputy Attorney General, for appellees.

ACHOR, J.—The action is before this court on petition to transfer. [See: *Geckler* v. *Review Board of Indiana*

*Emp. Sec. Div.* (Appellate Court 1963) 187 N. E. 2d 751.]

Appellee, Lorraine Ann Cox, successfully prosecuted a claim for unemployment benefits against the appellant before the Review Board of the Indiana Employment Security Division.

It is conceded that the appellee voluntarily terminated her employment. The issue presented is whether appellee Cox terminated that employment with "good cause," within the terms of the Unemployment Securities Act and the judicial standards established by this court. However, since the only assignment of error herein is that the "decision of the Review Board is contrary to law," this court on appeal may only consider (1) whether the findings of fact are supported by some evidence of probative value and (2) whether the facts properly stated are sufficient to sustain the award.

The facts and conclusions, as stated by the Board, are as follows:

"STATEMENT OF FACTS: This claimant (aged 32) was employed in general office work at this employer's medical laboratory for one year and three months. The claimant's proximate reason for quitting her job on January 14, 1961, after two weeks' notice, was the employer's criticism of the manner in which she operated and maintained the copyflex machine; which criticism upset the claimant because she considered it to be unwarranted and unfair under the circumstances. When the employer informed her that he could get a ten-year-old who could operate the copyflex better than the claimant, *she replied* that if that's what he wanted, that was what he should have; and that she would just give him notice right then. Also, *she testified* that although her hours were from 8 a.m. to 5 p.m., she would always get the employer's work handed to her about five to ten minutes to 5:00 and she was to stay there and

run those things until they were completed. [Our emphasis.]

"These and other differences between the employer and the claimant made her so nervous that she 'just couldn't take it any longer.' *She testified* to the referee, that she went home crying every night because she was a nervous wreck. She became convinced that it was impossible for her to perform her work to the satisfaction of her employer.

"FINDINGS AND CONCLUSIONS: The cogent facts are obscure, but from close analysis of the record it is clearly enough discernible that this employer, dedicated, disciplined, precise, scientific and objective, and this claimant, nervous, tempermental, hypersensitive and subjective, were hopelessly at odds; and that the employment relationship between these two was ultimately bound to become mutually intolerable because of their diametrically opposed personalities. In the case of Nat'l. Furn. Mfg. Co. v. Review Board, — Ind. App. — , 170 N. E. 2d 381, the Court held that the determination of whether or not the claimant had good cause to voluntarily leave his work, is in most cases a fact question to be decided upon the basis of the circumstances attendant to the particular case. In the instant case, it is apparent that the claimant honestly believed that it was impossible for her to continue in the employment."

In this case it is not contended that the facts stated are not supported by some evidence. The remaining question then is whether the facts stated are sufficient to sustain the award.

An analysis of the "Statement of Facts" discloses that although the Board found that the claimant quit her job because of "criticism . . . which criticism upset the claimant because she considered it to be unwarranted and unfair under the circumstances," the Board did not find that such criticism was, in fact, "unwarranted and unfair." Also, although the Board alluded to the fact of her working hours, the Board did not find

or state that there was any deviation from the actual schedule of work sufficient to justify termination of her employment.

In fact, the circumstances which caused appellee Cox to voluntarily terminate her employment are succinctly summarized by the Board's own "Findings and Conclusions," as follows, in part:

> "*The cogent facts are obscure,* but from close analysis of the record it is clearly enough discernible that this *employer, dedicated, disciplined, precise, scientific and objective,* and this *claimant, nervous, temperamental, hypersensitive and subjective,* were hopelessly at odds; and that the employment relationship between these two was ultimately bound to become mutually intolerable because of their diametrically opposed personalities. ..." [Our emphasis.]

Thus, the question presented is whether an employee, who voluntarily terminated her employment with an employer whose demands are consistent with the nature of his profession, and with respect to whom the Board finds no fault, but does find that the cause of such separation was the *emotional instability* of the employee which caused her to "honestly believe that it was impossible" for her to continue in the employment, will be considered to have terminated her employment for "good cause," within the meaning of the law.

As a general rule, the cases hold that "good cause," which justifies the voluntary termination of employment and entitles the claimant to compensation, must be related to the employment, and thus be *objective* in character. The cases have not extended the construction of "good cause" to include purely personal and subjective reasons which are unique to the employee, but have required that such "cause" would similarly affect persons of *reasonable* and *nor-*

*mal sensitivity. Hollingsworth Tool Wks.* v. *Rev. Bd. Emp. Div.* (1949), 119 Ind. App. 191, 84 N. E. 2d 895; *Department of Industrial Relations* v. *Mann* (Ala. 1950), 50 So. 2d 780; *Andala Co.* v. *Ganus* (Ala. 1959), 115 So. 2d 123; *Sun Shipbuilding & Dry D. Co.* v. *Unemployment Comp. Bd.* (Pa. 1948), 56 A. 2d 254. See also: *State ex rel. Standard Oil Co.* v. *Review Bd.* (1951), 230 Ind. 1, 101 N. E. 2d 60.

On the basis of the principles of law above enunciated, we conclude that the Board did not state facts sufficient to meet the requirement of "good cause," as we construe the term.

In support of the award, appellee cites and relies upon the case of *National Furn. Mfg. Co.* v. *Review Board, etc.* (1960), 131 Ind. App. 260, 170 N. E. 2d 381. However, that case is distinguishable, in that the Board found—and the evidence supported the Board's findings of fact—that the employer's criticism of the employee was not justified, either in form or in fact. The Board in this case stated no such finding of fact.

For the reasons hereinabove stated, we conclude that the findings and conclusions of the Review Board are not sufficient to sustain the award.

The decision of the Board is, therefore, reversed, and remanded for further proceedings consistent with this opinion.

Myers, C. J., Arterburn, Jackson & Landis, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 357.