Raymond E. HAWKINS, Plaintiff-Appellant,

v.

MEANS AUTO, INC. and General Motors Corporation, Defendants-Appellees.

No. 3–378A70.

Court of Appeals of Indiana, Third District.

May 7, 1980.
Rehearing Denied July 28, 1980.

---

Jerrald A. Crowell, Bowman, Crowell & Swihart, Fort Wayne, for plaintiff-appellant.

William E. Borror, Hunt, Suedhoff, Borror, Eilbacher & Lee, Fort Wayne, for defendants-appellees.

GARRARD, Presiding Judge.

This appeal challenges the trial court's dismissal of Raymond Hawkins' personal injury action for his failure to comply with orders entered by the court concerning discovery. Although the applicable rules of law were established in *Farinelli v. Campagna* (1975), 166 Ind.App. 587, 338 N.E.2d 299 (transfer denied) we publish our opinion in the hope of dispelling an area of confusion or, perhaps, non-acceptance that appears to persist in the area of civil discovery.

The record discloses that Hawkins was injured on October 28, 1973 when the automobile in which he was a passenger crashed into a guardrail on interstate highway I–94 in Cook County, Illinois. On August 13, 1975 he commenced this action against the owner-driver (Jackson), the dealership which had sold the vehicle (Means) and the manufacturer (GM). Three months later he voluntarily dismissed the claim against Jackson. The claim against Means and GM asserted negligence, breach of implied warranty and strict liability in tort. Specifically, Hawkins alleged that the accident was caused by defects in the design, manufacture and installation of the auto's brake system and/or cruise control system.

On December 17, 1975 GM served upon Hawkins six interrogatories which included the following: "Please list each and every defect you allege existed in the brake mechanism and/or cruise control system that contributed in any way to cause the incident in question."

At no point in the proceedings which followed was an objection made to the form or content of this interrogatory. See Indiana Rules of Procedure, Trial Rule 33(A).

Pursuant to TR 33(A), Hawkins was requested to answer thirty (30) days after service. When the interrogatories were not answered by March 5, 1976, GM moved for an order compelling discovery. TR 37(A). The court set this motion for hearing on April 14, 1976.

On April 5th Hawkins filed answers to the interrogatories, but his answer to the interrogatory in question (interrogatory No. 2) merely stated,

"I am not at this time able to state each and every defect that existed in the brakes or cruise control system since there has been no opportunity to examine them. The cruise control system is purportedly in Defendant, General Motors possession, and the automobile has apparently been junked."

On April 14th GM filed a second motion to compel discovery asserting that Hawkins' answers were incomplete, evasive and non-responsive to the questions. With respect to the answer to interrogatory No. 2, GM asserted that although at that time it had possession of the cruise control system, the system had come into its possession only after the interrogatories had been served in December, 1975. The court heard arguments that same day and ordered Hawkins to answer interrogatory No. 2 particularly and responsively on or before May 14, 1976 or suffer dismissal.

On April 19, 1976 Hawkins moved to set aside the order of April 14. The court heard argument on this motion on May 6th, and on May 20th extended the time for answer to June 14, 1976.

On June 11th Hawkins filed an amended answer which responded to interrogatory No. 2 by stating,[1]

"The automobile's brake system was severely damaged in the accident and as far as I know was never inspected prior to the automobile being junked. The cruise control mechanism was recovered apparently intact. Systems Engineering

Associates of Columbus, Ohio was employed by former defendant, Sandra Jackson's insurance company, to examine the automobile. In a report of their examination to the insurance company it is stated that 'the brake pedal adjustment on the brake switch and vacuum dump valve was not correct.' It also stated that such 'misadjusted brake pedal components are a recognized source of lack of system disengagement.' Since being notified by letter dated April 29, 1976 (which date is two weeks after defendant's Motion to Compel Discovery and For Sanctions was filed) that the cruise control was available for inspection, we have attempted for the past six weeks to find an expert who could give us a more thorough and conclusive report than was provided by System Engineering Associates. My attorney has also told me based on his knowledge of the law that even though further tests may also prove inconclusive as to the presence of a defect in the vehicle prior to the accident, that such fact does not mean that I do not have a valid claim."

In the autumn both defendants moved for summary judgment by reason of the alleged failure of Hawkins to adduce evidence of the existence of a defect. These motions were denied in December.

On May 10, 1977, pretrial conference was set for June 10. All discovery was to be completed by that date. However, it appears that Hawkins was still unprepared to take a position concerning the alleged defects. The conference merely resulted in a further order which called for a form of pretrial order to be filed thirty (30) days prior to trial and directed, "Discovery is to be completed by August 1, 1977, and the other party notified of any expert or other witnesses not previously disclosed and if any defect is to be alleged it must be disclosed at that time." Trial was set for November 29, 1977.

---

1. It should be noted that this answer does *not* assert in response to the interrogatory that Hawkins was contending for purposes of his claim either that "the brake pedal adjustment on the brake switch and vacuum dump valve was not correct" or that he would assert no specific defect to prove his claim.

On August 9th the defendants jointly moved for dismissal based upon Hawkins' continued failure to comply with the discovery order. Two days later Hawkins' counsel filed an affidavit in opposition to the motion in which he asserted that he had still not found an expert who he believed had sufficient qualifications, and that he "might advise his client" to proceed upon the theory of an unknown defect. On September 14, 1977 the trial court set October 17th for hearing on the motion to dismiss. The plaintiff made no further response and after hearing argument on October 17, 1977 the court ordered the case dismissed. This was over two years after commencement of the action, and nearly four years after the accident.

Hawkins poses the issue as being whether the court committed error in holding that in a products liability action the plaintiff must allege and prove a specific or special defect or suffer dismissal.

That is *not* the issue decided by the trial court or presented to this court on appeal. See *Farinelli*, 338 N.E.2d 306. The dismissal here occurred at what may be considered as *one step prior to reaching* the question of whether it was necessary to assert and prove a *specific* defect.

■ Assuming arguendo that it was not necessary to maintenance of the action for plaintiff to prove a specific defect, Hawkins had a duty to respond to proper discovery. TR 33, 37. It is not contended that the defendants were not entitled to the disclosure of any specific defects that Hawkins intended to prove, or that their requests were defective on some procedural ground.

As we held in *Farinelli*, once the court has ordered compliance, the sanctions of TR 37(B) are available upon a showing that the court order has been violated due to unexcused conduct for which Hawkins was responsible. 338 N.E.2d 303.

Thus, Hawkins *could* have responded that he alleged no specific defects. Had he done so the case would have been ripe, upon proper motion or trial, for a determination of whether such proof was necessary to

recovery. But he did not do this. Until the end he sought to evade or avoid compliance with the ordered discovery. By October 1977 the court was well within its province in determining Hawkins' conduct was not excusable. Thus, he was properly subject to sanctions under TR 37(B). *Farinelli, supra.*

Hawkins finally contends that even if sanctions were proper, the court should have applied TR 37(B)(3) and merely precluded the plaintiff from offering proof of specific defects at trial. Clearly, such a sanction was available and in many cases would be both adequate and just to the parties.

To justify dismissal of the action, TR 37(B)(4) requires that the court additionally determine that the conduct of a party who is responsible under (B)(2) has or threatens to so delay or obstruct the rights of the opposing party that any other relief would be inadequate. In *Farinelli* we held that this determination is committed to the discretion of the trial court upon a consideration of the total circumstances of the case. 338 N.E.2d 307. Accordingly, on appeal to secure a reversal Hawkins must demonstrate that the decision is clearly against the logic and effect of the circumstances. *Hollingsworth Tool Works v. Review Bd.* (1949), 119 Ind.App. 191, 84 N.E.2d 895.

■ Considering all the facts and circumstances here present, including the time the case pended, the repeated efforts to secure the discovery and its significance, and the continued unwillingness of plaintiff to either assert a defect *or* assert that he intended to establish his case without proving a specific defect, we cannot say that appellant has met his burden. Appellant has not presented us with any showing that a lesser sanction was clearly adequate to protect the rights of the defendants.

The judgment of dismissal is affirmed.

HOFFMAN and STATON, JJ., concur.