Janet E. FOSTER, Claimant-Appellant,

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams, and Paul M. Hutson, as Members of and as constituting the Review Board of the Indiana Employment Security Division, and Animal Empire, Employer of Claimant, Appellees.

No. 2–780A247.

Court of Appeals of Indiana, First District.

June 17, 1981.

Dennis K. Frick, Legal Services Organization of Ind., Inc., Vincennes, for claimant-appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Janet E. Foster (Foster) appeals the final decision of the Indiana Employment Security Division denying her unemployment compensation benefits. We reverse.

## STATEMENT OF THE FACTS

This appeal is before us once again after having been remanded to the Review Board of the Indiana Employment Security Division (Review Board) for more specific findings of fact. The facts of this case were set out in our previous opinion, *Foster v. Review Board of the Indiana Employment Security Division*, (1980) Ind.App., 413 N.E.2d 618, and therefore, we will not restate them in the present opinion. In our previous opinion we disposed of two of the four issues raised by Foster by holding that: (1) Foster had a due process right to be advised that she had a right to appear by counsel at the referee's hearing, but the failure of the Review Board to inform her of that right did not constitute reversible error in her case, and (2) that the Review Board failed to make sufficiently specific findings of fact. The case was remanded to the Review Board for findings of fact upon the following reasons which Foster gave for leaving her employment:

1. The working conditions were bad and the employer failed to correct them after being requested to do so.

   (a) The employer brought sick dogs into Foster's groom room, causing an unfavorable health condition for the dogs she groomed.

   (b) The employer failed to keep adequate supplies for Foster and misused the supplies which she did have.

   (c) The employer failed to keep Foster's groom room clean.

2. The employer improperly scheduled times for dogs to be groomed.

3. The employer at times released dogs which Foster had not yet groomed.

On March 16, 1981, the Review Board made the following findings of fact:

"The Review Board finds that the working conditions in the grooming room were such that claimant was unable to perform the grooming duties in a satisfactory manner and such conditions could be detrimental to the health of the animals for which the claimant was responsible.

"It further finds that the tools, equipment, and supplies were not properly maintained by the employer in order that claimant could properly perform her duty of grooming dogs.

"It further finds that the employer scheduled dogs to be groomed without consulting with the claimant, causing conflicts in working hours.

"It further finds that the employer released dogs to the owners which she had groomed but were not ready for release without consulting the claimant, thereby causing complaints from the owners."

### ISSUES

The following issues, which we have restated, are presented for our review.

1. Is the Review Board's conclusion that the claimant did not have good cause to quit her job erroneous?

2. Did the referee fail to fulfill her duty of insuring a complete presentation of the case?

### DECISION

*Issue One*

Because of our decision to reverse, we will discuss only this issue.

Foster, in her supplemental brief, contends the Review Board's conclusion that she voluntarily left her employment without good cause is erroneous. Specifically, she alleges that the bad working conditions, which are listed in the Review Board's findings of fact of March 16, 1981, constitute good cause.

Indiana Code 22–4–15–1 provides that an individual "who has voluntarily left his employment without good cause in connection with the work" is disqualified from receiving benefits. This requirement is consistent with the purpose of unemployment compensation to protect people from periods of unemployment and encourage stable employment. "Voluntary unemployment is not compensable under the purpose of the Act, which is to provide benefits for persons unemployed through no fault of their own. [citations omitted]." *Thomas v. Review Board of the Indiana Employment Security Division*, (1979) Ind., 391 N.E.2d 1127, 1129, *rev'd on other grounds*, (1981) —— U.S. ——, 101 S.Ct. 1425, 67 L.Ed.2d 624. Thus, unless an employee has left his or her employment because of good cause in connection with the work, he or she will not receive unemployment compensation benefits.

■ It has consistently been recognized in Indiana that good cause which justifies voluntary termination must be job-related and objective. *See Geckler v. Review Board of the Indiana Employment Security Division*, (1963) 244 Ind. 473, 193 N.E.2d 357; *Thomas v. Review Board of the Indiana Employment Security Division, supra.* In *Geckler v. Review Board of the Indiana Employment Security Division, supra*, 244 Ind. at 477–78, 193 N.E.2d at 359, our supreme court stated:

"As a general rule, the cases hold that 'good cause,' which justifies the voluntary termination of employment and entitles the claimant to compensation, must be related to the employment, and thus be *objective* in character. The cases have not extended the construction of 'good cause' to include purely personal and subjective reasons which are unique to the employee, but have required that such 'cause' would similarly affect persons of *reasonable* and *normal sensitivity*."

Thus, a claimant who has terminated his or her employment must show that (1) the reasons for abandoning the employment were such as would motivate a reasonable, prudent person to terminate under the same or similar circumstances; and (2) these reasons are objectively related to the job. *Gray v. Dobbs House, Inc.*, (1976) 171 Ind.App. 444, 357 N.E.2d 900. We find Foster has shown that her reasons for leav-

ing her job meet both of these requirements. The bad working conditions, as found by the Review Board, are not subjective and personal reasons for Foster's action of terminating her employment. They are unquestionably related to her job since those conditions made it difficult for Foster to discharge her duties properly. The employer's actions also undermined Foster's relationship with the customers. Further, we find the bad working conditions which caused Foster to leave her employment to be such as would motivate a reasonable and prudent person to terminate the employment. Since the findings of fact by the Review Board do not sustain its decision, the decision of the Review Board is reversed.

Reversed.

NEAL, P. J., and ROBERTSON, J., concur.