Herschel SPARKS, Appellant
(Claimant Below),

v.

INDIANA DEPARTMENT OF EMPLOY-
MENT AND TRAINING SERVICES,
John C. Mowrer, Joe A. Harris and
Nanette L. McDermott, As members of
and constituting the Review Board of
the Department of Employment and
Training Services,

and

Indiana Cal Pro, Inc., Appellees
(Plaintiff Below).

No. 93A02–8802–EX–00054.

Court of Appeals of Indiana,
Second District.

Dec. 12, 1988.

Jamie Andree, Legal Services Organiza-
tion of Indiana, Inc., Bloomington, Donald
R. Lundbert, Legal Services Organization
of Indiana, Inc., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Donald B.
Kite, Sr., Deputy Atty. Gen., Indianapolis,
for appellees.

SHIELDS, Presiding Judge.

Herschel Sparks appeals an adverse deci-
sion of the Review Board of the Indiana
Department of Employment and Training
Services Board (Board).

We reverse.

Sparks was discharged from Indiana Cal
Pro for excessive absenteeism after he was
absent on September 8, 1987. On that day
Sparks was detained in jail, waiting to post
bail following his arrest for driving while
his license was suspended. The appeal ref-
eree's decision granting Sparks benefits
was overturned by the Board's decision
Sparks was discharged for just cause.

Sparks claims the Board's decision is contrary to law because his absence was neither voluntary nor due to any failure on his part and because the Board procured additional evidence without notice to him. The Board disagrees, claiming Sparks's absence was both volitional and due to a failure on his part because he intentionally drove his vehicle without a license[1] and further, the Board's receipt of evidence without notice was harmless error.

Our standard of review is well-established:

> The statute causes a two-part inquiry. The first part is an examination of the relationship between the premises (or facts as found) and the conclusions of the Board. We determine if the Review Board's deductions were "reasonable," which is a question of law. The second part is an inquiry into, "the nexus between the premises or findings of basic facts and the evidence presented to determine if the evidence justified those findings." In this analysis, we do not reweigh the evidence and only that evidence favorable to the Board's determination, and reasonable inferences to be drawn from it, will be considered.

*Wampler v. Review Board* (1986), Ind. App., 498 N.E.2d 998, 1000 (citations omitted).

■ The Board's decision fails the first prong of the test. The Board's conclusion that Sparks's absence on September 8, 1987, constituted just cause for discharge is contrary to our holding in *Holmes v. Review Board* (1983), Ind.App., 451 N.E.2d 83, (interpreting IC 22–4–15–1(e)(3), (e)(8) (1982), now IC 22–4–15–1(d)(3), (d)(8) (1988)). *Holmes* held:

> Pre-trial incarceration due to the filing of criminal charges *later dismissed* constitutes good cause under subsection (e)(3) and is not just cause under subsection (e)(8) of IC 22–4–15–1.[2]

451 N.E.2d at 88. The *Holmes* court opined that policy requires a liberal construction of the statute in favor of employees and that only by construing the phrase "incarceration following conviction" as excluding any other form of incarceration as just cause for discharge is the legislative policy achieved. *Id.* at 87. Furthermore, the court reasoned that an employee incarcerated pending trial was not absent from work by his own volition or due to his own failure but rather due to the lawful act of third parties. Therefore, a determination of fault due to pre-trial incarceration would impermissibly deny the employee his presumption of innocence, a presumption which fails only upon conviction or upon a plea of guilty and not, as the Board argues, by an admission or confession.

Here Sparks was arrested for driving with a suspended license on September 7, 1987. He was absent on Monday, September 8, 1987 because he had not yet made bail. Thus, the Board's decision is controlled by *Holmes* if the charges were subsequently dismissed or if Sparks was ac-

1. The Board concluded:

>     *    *    *    *    *    *
>
> 2. That [Sparks] knew his driver's license was suspended and intentionally violated the law by operating a motor vehicle without a license.
> 3. That the Claimant, on his own volition, brought about his incarceration and rendered himself unable to work and was discharged for being intentionally absent.
>
>     *    *    *    *    *    *
>
> DECISION: The claimant was discharged for just cause and the decision of Referee DeMoss is reversed. This case is distinguishable from *Holmes v. Review Board* [ (1983), Ind.App.,] 451 N.E.2d 83, in that this Claimant knew his driver's license was suspended and he intentionally chose to violate the law and to risk the probability of jail. The loss of his employ-

ment was a foreseeable consequence of his own choosing. The Claimant is ineligible for unemployment insurance benefits.
Record at 5–6.

2. IC 22–4–15–1 (1988) reads in part:

> (d) "Discharge for just cause" as used in this section is defined to include but not be limited to:
>
>     *    *    *    *    *    *
>
> (3) unsatisfactory attendance, if the individual cannot show good cause for absences or tardiness;
>
>     *    *    *    *    *    *
>
> (8) incarceration in jail following conviction of a misdemeanor or felony by a court of competent jurisdiction or for any breach of duty in connection with work which is reasonably owed an employer by an employee.

quitted. However, the Board's findings do not address the disposition of the charge against Sparks. Accordingly, because a finding essential to the Board's decision was not made, *i.e.*, whether Sparks was convicted, the decision is contrary to law.

 Further, the Board erred when it procured additional evidence without notice to Sparks. According to the record, pursuant to IC 22–4–15–1(d)(6) and 640 IAC 1–11–8, the Board, on its own motion procured evidence that Sparks's driver's license had been suspended on May 28, 1983, and that it was reinstated September 17, 1987. The Board acknowledges that its procurement of this evidence without notice to the parties violated 640 IAC 1–11–8, its regulation "which has the force and effect of law." Appellees' Brief at 6. That regulation may not be ignored. *Fruehauf Corp. v. Review Board* (1983), Ind.App., 448 N.E.2d 1193, 1197. Therefore, the Board erred. The Board argues, however, that its error is harmless. We disagree: Had Sparks received notice, he would have had the opportunity to submit evidence that the charge against him was dismissed on September 21, 1987, a fact which, in his brief, he alleges exists.

The decision of the Board is reversed and the matter remanded for further proceedings.

MILLER and SULLIVAN, JJ., concur.