Kevin HUGHEY, Appellant,

v.

**REVIEW BOARD OF THE INDIANA DE- PARTMENT OF EMPLOYMENT AND TRAINING SERVICES, Mable Martin– Scott, Chairperson, and George H. Bak- er, Member, and Mark T. Robbins, Mem- ber, and Spencer Cord Company, Appel- lees.**

No. 93A02–9312–EX–678.

Court of Appeals of Indiana, Fourth District.

Sept. 8, 1994.

Transfer Denied Jan. 3, 1995.

Jamie Andree, Legal Services Organization of Indiana, Inc., Bloomington, for appellant.

Pamela Carter, Atty. Gen., Sabra A. Weliever, Deputy Atty. Gen., Indianapolis, for appellee.

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Kevin Hughey appeals the decision of the Review Board of the Indiana Department of Employment and Training Services denying his claim for unemployment benefits. We reverse.

### ISSUE

Whether the Review Board properly found Hughey's discharge was for just cause.

### FACTS

Kevin Hughey worked full time as a maintenance supervisor at Spencer Cord Company from August 15, 1988, through Friday, August 30, 1991. When Hughey was under arrest for battery and in jail on Monday, September 2, 1991, Spencer Cord suspended him pending resolution of the charges. Hughey remained incarcerated until January 13, 1992; on that date he was convicted and Spencer Cord discharged him.

Hughey applied for unemployment benefits. The initial determination found him ineligible for full benefits as discharged for just cause due to absenteeism caused by incarceration. Hughey appealed. An Administrative Law Judge heard his appeal on February 27, 1992. Spencer Cord asserted that Hughey had been discharged pursuant to company policy to discharge an employee convicted of a violent crime. The judge concluded Hughey was discharged without just cause because the purported company rule was neither written nor stipulated to by the parties. Spencer Cord appealed to the Review Board, alleging Hughey's discharge was for just cause pursuant to Ind.Code 22–4–15–1(d)(3), (7) and (8). The Review Board held Hughey was not entitled to unemployment compensation benefits because the discharge was for just cause under I.C. 22–4–15–1(d)(8): "incarceration in jail following conviction of a misdemeanor or felony by a court of competent jurisdiction...."

### DISCUSSION AND DECISION

██ When reviewing a decision by the Review Board, we determine "whether the decision of the Board is reasonable in light of its findings." *Best Lock Corp. v. Review Bd.* (1991), Ind.App., 572 N.E.2d 520, 522. We must accept the facts as found by the Board unless its findings fall within one of the exceptions under which this court may reverse. *Id.* One of those exceptions is when the Board's finding is not supported by substantial evidence. *Shortridge v. Review Bd.*

(1986), Ind.App., 498 N.E.2d 82, 87. This court may reverse the decision of the Board if reasonable persons would be bound to reach a conclusion different than that reached by the Board based upon the evidence before the Board. *Ryan v. Review Bd.* (1990), Ind.App., 560 N.E.2d 112, 114. And when an appeal involves a question of law, this court is not bound by the agency's interpretation of law but rather determines whether the agency correctly interpreted the law and correctly applied the applicable law. *Pazzaglia v. Review Bd.* (1993), Ind.App., 608 N.E.2d 1375, 1976.

■ An individual "discharged from his employment for just cause" incurs certain consequences with respect to unemployment benefit claims. I.C. 22–4–15–1. "Discharge for cause" is defined by statute "to include but not be limited to" eight circumstances. *Id.* at (d) and (d)(1)–(8). The discharging employer has the burden of establishing a *prima facie* showing of just cause for termination. *Best, supra* at 523. At the hearing before the Administrative Law Judge, the Spencer Cord plant manager described company policy as requiring the discharge of an employee convicted of a violent crime. The judge held the company failed to meet its burden of proof as the employer had no written evidence of that policy. Under *Blackwell v. Review Bd.* (1990), Ind.App., 560 N.E.2d 674, a showing of just cause for discharge pursuant to a rule violation requires that the employer introduce a written copy of the rule into evidence or that the parties have stipulated to the rule.

■ Rule violation constitutes just cause for a discharge from employment under I.C. 22–4–15–1(d)(2), if the showing required by *Blackwell* is met. When the Review Board considered the appeal of the Administrative Law Judge's decision lodged by Spencer Cord, the Board concluded as a matter of law that Hughey was discharged for just cause under I.C. 22–4–15–1(d)(8), the provision about criminal conviction and incarceration. Hughey argues that "after finding insufficient evidence to support discharge for violation of the employer's rule, the Review Board should have stopped there." Appellant's brief at 9. Hughey cites *Voss v. Review Bd.*

(1989), Ind.App., 533 N.E.2d 1020, as limiting the Board's consideration to the employer's stated grounds for discharge. Other cases describe the Board's "wide latitude to determine issues and hear theories not heard by the appeals referee" and this "wide latitude" allowing the Board "to use any applicable definition ... to find that a claimant was discharged for just cause." *Trigg v. Review Bd.* (1983), Ind.App. 445 N.E.2d 1010, 1013, citing *Ervin v. Review Bd.* (1977), 173 Ind. App. 592, 364 N.E.2d 1189, 1191–1192, and *Barnett v. Review Bd.* (1981), Ind.App., 419 N.E.2d 249, 251. Thus, the cases are in disagreement as to Hughey's assertion.

However, what Spencer Cord propounded to the Administrative Law Judge was that the discharge was pursuant to a policy of discharging an employee convicted of a violent crime. Such an assertion can be analyzed under *either* the "rule violation" version of just cause or under the "conviction and incarceration" version. Analysis under the latter would consider whether the Spencer Cord policy as applied here comported with the "conviction and incarceration" as just cause provision. The Review Board found Hughey's discharge satisfied that provision. The Board's findings of facts include:

—Hughey's incarceration began August 30, 1991.

—Hughey was incarcerated for a period of four months and ten days.

—Hughey was "discharged on January 13, 1992 when he was convicted on a battery charge." R. at 6.

There is no evidence of record that Hughey was incarcerated following the battery conviction. Thus, neither the findings nor the evidence support the conclusion that Hughey was discharged for just cause consisting of "incarceration in jail following conviction of a misdemeanor or felony...." I.C. 22–4–15–1(d)(8).

■ The Board interprets I.C. 22–4–15–1(d)(8) "to mean a discharge for incarceration may occur after the claimant has been convicted, i.e., 'following conviction.'" Appellee's brief at 9. The Board notes the statutory construction objective of determining and giving effect to the true intent of the

legislature. However, a statute which is clear and unambiguous must be given its apparent or obvious meaning and is not subject to interpretation by the court. *Matter of Grissom* (1992), Ind., 587 N.E.2d 114, 116. When a statute is unambiguous, we take the words in their plain and ordinary sense. *Richey v. Review Bd.* (1985), Ind.App., 480 N.E.2d 968, 973. Thus, we have no authority to revise or amend the statute according to what the legislature must have intended. The statute distinctly provides that just cause for discharge includes "incarceration in jail following conviction of a misdemeanor or felony." In its most plain and ordinary sense, the provision indicates that the employee who is incarcerated after being convicted may be discharged by the employer for just cause.

As there is no evidence indicating that Hughey was incarcerated after his conviction, the Board's decision that Hughey was discharged for just cause under I.C. 22–4–15–1(d)(8) is contrary to law. We reverse.

RILEY, concurs.

HOFFMAN, J., dissents with separate opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent. Hughey was not discharged until after being convicted of battery. Thus, he was discharged for just cause pursuant to IND.CODE § 22–4–15–1(d)(8) (1992 Supp.). Two cases are relevant to this determination, *Holmes v. Review Bd. of Ind. Sec. Div.* (1983), Ind.App., 451 N.E.2d 83, and *Sparks v. Dept. of Emp. & Training Serv.* (1988), Ind.App., 531 N.E.2d 227.

In *Holmes,* an employee was discharged during incarceration for a charge which was later dismissed, and he was subsequently denied unemployment benefits. *Holmes* at 84. This Court reversed the denial of benefits holding pre-trial incarceration due to the filing of criminal charges *later dismissed* is not just cause pursuant to the above subsection. *Id.* at 88. (Emphasis added.) Because the cause was later dismissed, the *Holmes* Court found he was "incarcerated due to the lawful act of third parties ... [and] not because of any act or omission he committed";

discharge under these circumstances interfered with his presumption of innocence. *Id.* at 87.

*Holmes* was clarified in *Sparks.* There, an employee was also discharged while being detained in jail following an arrest and thereafter denied benefits. At the hearing to determine whether benefits should be denied, no evidence was presented as to whether a conviction, dismissal or acquittal resulted from the charge. On appeal, in analyzing *Holmes,* the *Sparks* Court found the presumption of innocence alluded to earlier in *Holmes* "fails only upon a *conviction* or upon a plea of guilty...." *Sparks* at 228. (Emphasis added.) Accordingly, *Holmes* was found to control only if the charges resulted later in a dismissal or acquittal. *Sparks* at 228–29. Solely because there was no finding by the Review Board of the disposition of the charge, i.e., a conviction, was the case reversed. *Id.* at 229.

By contrast to the above cases, there was evidence presented here that Hughey was convicted of the charges against him. Unlike the employee in *Holmes* whose charges were later dismissed, this evidence of conviction conclusively establishes that Hughey was absent from work due to his *own* volition and not the acts of others. Further, because discharge occurred *after* conviction, there is no danger to the presumption of innocence as was the case in *Holmes.* Moreover, consistent with the reasoning in *Sparks,* because the Review Board already had evidence of incarceration to deny benefits under IND. CODE § 22–4–15–1(d)(8), it only needed evidence of conviction, which it had.

Such a result, in my opinion, would adequately protect the rights of employees and employers alike and would also preserve the purpose of IND.CODE § 22–4–15(d)(8) which is to allow discharge due to incarceration only where a conviction has been obtained. For the above reasons, I would vote to affirm the decision of the Review Board denying Hughey unemployment benefits.