**KENTUCKY TRUCK SALES, INC. Appellant,**

v.

**REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and Randall Kiser, Appellees.**

No. 93A02–9907–EX–495.

Court of Appeals of Indiana.

March 28, 2000.

John O. Sheller, Smith and Smith, Louisville, Kentucky, Attorney for Appellant.

## OPINION

MATTINGLY, Judge

Kentucky Truck Sales, Inc. (Employer) appeals a decision by the Review Board of the Indiana Department of Workforce Development (the Board) that Randall Kiser was eligible for unemployment benefits. Employer raises a single issue that we restate as whether the Board properly determined that Kiser left his employment with good cause when he quit after a supervisor berated him for excessive absenteeism.

We reverse.

## FACTS AND PROCEDURAL HISTORY

Kiser worked for Employer as a heavy-duty truck technician from March of 1994 to January of 1998. He was also a union steward while he was employed there. Kiser had a history of absenteeism and was warned in October of 1997 that further attendance problems would subject him to disciplinary action.[1] Kiser worked on January 16, 1998 but missed work on his next scheduled day, Monday, January 19, 1998. He reported to work an hour late on Tuesday, January 20, but the foreman had been instructed not to assign Kiser a job that day. Kiser testified[2] that when he arrived at work on January 20, the shop manager began yelling at him, accused him of lying, and said "son of a bitch, we have gone through this before."

(R. at 35.) Kiser testified that he told the foreman he "didn't have to listen to this s——," id., and clocked out, indicating on his time card he had gone home sick. Kiser did not return to work that week or the next, nor did he contact Employer. On February 2, Employer mailed Kiser a notice stating Employer assumed Kiser had voluntarily terminated his employment because he had not returned to work or contacted Employer. The notice advised Kiser to contact Employer if that was not true. Kiser did not contact Employer until several weeks later, when he returned his uniforms.

Kiser applied for unemployment benefits and his application was denied on the ground he had voluntarily quit his job. Kiser appealed that decision and, after a hearing, an ALJ determined Kiser was eligible for benefits because he had voluntarily left employment with good cause in connection with the work.

## DISCUSSION AND DECISION

When reviewing a decision by the Board, we determine whether the decision is reasonable in light of its findings. *Hughey v. Review Bd. of the Ind. Dep't of Employment and Training Servs.*, 639 N.E.2d 1044, 1045 (Ind.Ct.App.1994). The Board's findings of fact are generally conclusive and binding upon this court. *Winder v. Review Bd. of the Ind. Employment Sec. Div.*, 528 N.E.2d 854, 856 (Ind.Ct.App. 1988). We are not bound by the Board's interpretation of the law; we determine *de novo* whether the Board correctly interpreted and applied the law. *Hughey,* 639 N.E.2d at 1046.

We note that Kiser has not filed an appellee's brief. When the appellee fails to submit a brief, we need not under-

---

1. The Administrative Law Judge (ALJ) for the Department of Workforce Development indicated in his decision only that Kiser "was absent one day due to illness." (R. at 81.) At the hearing before the ALJ, Employer presented uncontested evidence that Kiser had been absent for 28 days in 1997 and 2 days in January 1998. The Board adopted the ALJ's decision.

2. Employer denies Kiser's allegations regarding the events that took place after Kiser arrived at work on January 20.

take the burden of developing an argument for him. We apply a less stringent standard of review and may reverse the trial court if the appellant can establish *prima facie* error. *Santana v. Santana,* 708 N.E.2d 886, 887 (Ind.Ct.App.1999). *Prima facie* in this context is defined as "at first sight, on first appearance, or on the face of it." *Id.* Where an appellant is unable to meet this burden, we will affirm. *Id.*

Indiana Code § 22–4–15–1 provides in pertinent part that an individual is ineligible for unemployment benefits when he has "voluntarily left his employment without good cause in connection with the work." Voluntary unemployment is not compensable under the Employment Security Act because a declared purpose of the Act is to provide benefits for persons unemployed through no fault of their own. *Abshier v. Review Bd. of Ind. Employment Sec. Div.,* 122 Ind.App. 425, 430, 105 N.E.2d 902, 904 (1952). The "good cause" requirement means the employee's reason for terminating his employment must be job related and objective in character, excluding purely subjective and personal reasons. *Marozsan v. Review Bd. of the Ind. Employment Sec. Div.,* 429 N.E.2d 986, 989 (Ind.Ct.App.1982). The Act will provide compensation only when demands placed upon an employee are so unreasonable or unfair that "a reasonably prudent person would be impelled to leave." *Id.* at 990. Where an employee asserts that a reprimand or criticism represents good cause for leaving employment, we consider all of the circumstances surrounding the reprimand. If there are other factors involved, such as provocation brought on by unjust reprimands or other evidentiary factors that would have "strong influential effect upon the mind of the employee contributing to or causing him to voluntarily quit his employment, such contributing factors might, under certain circumstances, be considered as good cause...." *Id.* at 989.

While the ALJ's findings indicate Kiser's reprimand was indelicately presented, we cannot say, in light of Kiser's attendance record, that it was an unjustified reprimand which constituted such provocation as to impel a reasonably prudent person to leave his employment. In *Geckler v. Review Bd. of the Ind. Employment Sec. Div.,* 244 Ind. 473, 476, 193 N.E.2d 357, 358 (1963) our supreme court found that an employee's voluntary termination was not with good cause in connection with the work when she left her job after the employer told her he could get a ten-year-old who could operate a copyflex machine better than could the claimant. The court noted that the Board had not found the criticism was "unwarranted and unfair" and found that the Board had not stated facts sufficient to meet the requirement of "good cause." *Id.* at 476, 193 N.E.2d at 358.

Employer has made a showing of *prima facie* error, and we thus reverse the Board's decision.

RILEY, J., and BAILEY, J., concur.