

**FILED**

Feb 24 2017, 8:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nicholas A. Snow
Harris Law Firm, P.C.
Crown Point, Indiana

ATTORNEYS FOR APPELLEES

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

Patrick B. McEuen
McEuen Law Office
Portage, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

East Wind Acupuncture, Inc.,

*Appellant,*

v.

Review Board of the Indiana
Department of Workforce
Development and Elly A.
Lesnick,

*Appellees.*

February 24, 2017

Court of Appeals Case No.
93A02-1608-EX-1790

Appeal from the Review Board of
the Department of Workforce
Development

Case Number: 16-R-884

**Najam, Judge.**

# Statement of the Case

East Wind Acupuncture, Inc. ("East Wind") appeals the decision of the Review Board of the Indiana Department of Workforce Development ("Review Board") to award unemployment insurance benefits to Elly Lesnick, a former employee of East Wind.[1] East Wind raises two issues for our review:

1. Whether the Review Board abused its discretion when it declined to consider additional evidence East Wind had attempted to submit to it.

2. Whether the Review Board's judgment is supported by sufficient evidence.

We affirm.

# Facts and Procedural History

The findings of fact as determined by the ALJ are as follows:

> [Lesnick] worked for [East Wind] from November[] 2010 through March 9, 2016. [East Wind] was an acupuncture, yoga, and Chinese medicine facility. [Lesnick] worked 25 hours per week as a case manager and yoga instructor. [Lesnick] quit due to working conditions.

---

[1] The parties identify themselves and refer to each other by name in the documents and briefs they have filed with this court. As we have recognized, when a party in an unemployment insurance benefits appeal uses its own name in documents filed with this court "it has waived the right to have its name excluded from the court record." *Advanced Correctional Healthcare, Inc. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 27 N.E.3d 322, 324 n.1 (Ind. Ct. App. 2015); *see* Ind. Administrative Rule 9(G)(6)(a)(i).

On Wednesday, November 24, 2015, [East Wind's] owner, [Laura Zaranski,] directed [Lesnick] to help her train another employee. [Lesnick] was working on placing a patient in an exam room and did not give her attention to [Zaranski]. [Zaranski] began screaming at [Lesnick] that [Lesnick] was not doing her job. [Lesnick] requested [Zaranski to] stop yelling at [Lesnick] or send [Lesnick] home. [Zaranski] sent [Lesnick] home.

On February 25, 2016, [Lesnick] had a physical therapy appointment [for herself] but was scheduled to come into work at 11 a.m. When [Lesnick] did not report to work on time, [Zaranski] texted [Lesnick] several times about coming . . . to work. When [Lesnick] did not respond, [Zaranski] called [Lesnick]. [Zaranski] screamed at [Lesnick] over the phone about other employees not coming into work that day and hung up. [Zaranski] called [Lesnick] back and screamed at [Lesnick] about coming into work. [Lesnick] went into work. [Lesnick] spoke to [Zaranski] that day in an attempt to tell [Zaranski] that she did not want [Zaranski] to scream at her. [Zaranski] stated that that was the way she communicated.

On March 9, 2016, [Lesnick] and [Zaranski] had a discussion about the amount of time [East Wind] had approved [Lesnick] to take off for a physical therapy appointment scheduled for March 10, 2016. During this conversation, [Zaranski] screamed at [Lesnick], "I don't care what the fuck you do." [Zaranski] acknowledged that she yelled this at [Lesnick] but asserted that she was frustrated because [Lesnick] had repeatedly violated [East Wind's] instructions regarding her attendance. [Lesnick] was agitated during this conversation[] but did not yell.

[Lesnick] quit on March 14, 2016, citing [Zaranski's] repeated[] screaming at her as the reason for her quitting.

Tr. Vol. 3 at 15-16.[2]

[4]     In light of those findings, the ALJ concluded in relevant part as follows:

> "It is not the purpose of the Unemployment Security Act for employees to merely terminate their employment merely because working conditions are not entirely to their liking." *Marozsan v. Review Board of Indiana Employment Sec. Div.*, 429 N.E.2d 986, 990 (Ind. Ct. App. 1982). However, poor working conditions can constitute good cause in connection with work for leaving employment "when the demands placed upon employees are unreasonable or unfair so much so that a reasonably prudent person would be impelled to leave." *Id.*

> [Lesnick] voluntarily left employment, citing poor working conditions. [Lesnick] quit because [Zaranski] repeatedly screamed at her about work related issues. On February 25, 2015, 2 weeks before [Lesnick] quit, [Lesnick] asked [Zaranski] to stop screaming at her when she was discussing work related issues. This constituted a good faith effort on [Lesnick's] part to resolve the issue that later caused her to quit. Furthermore, this was a reasonable request on [Lesnick's] part. [Zaranski] did not agree to resolve the issue; she merely stated that that was the way she communicated.

> Two weeks later, when [Lesnick] and [Zaranski] were discussing an attendance issue, [Zaranski] screamed at [Lesnick], "I don't care what the fuck you do." [Zaranski] asserted that she yelled this at [Lesnick] because she was frustrated with [Lesnick] repeatedly failing to follow [East Wind's] instructions regarding

---

[2] East Wind's statement of facts in its brief is not in accordance with our standard of review and, therefore, is contrary to Indiana Appellate Rule 46(A)(6)(b). On the other hand, we appreciate the State's inclusion of citations to the transcript in its quotations from the ALJ's order in its brief.

her attendance. Frustration over this type of issue is understandable[] but did not justify [Zaranski] repeatedly screaming at [Lesnick] after [Lesnick] had requested that she stop. These conditions were sufficiently unreasonable and unfair that a reasonably prudent person would be compelled to leave the employment. The [ALJ] concludes that [Lesnick] voluntarily left employment for good cause in connection with work . . . .

*Id.* at 16-17.

[5] East Wind appealed the ALJ's judgment to the Review Board. In appealing to the Review Board, East Wind attempted to submit "[a]dditional enlightening accounts from other staff present during the three dated incidences [sic] listed in the 'Findings of Facts'" on the grounds that those documents were "necessary to understand that [Lesnick] fabricated stories, bent truths[,] and conjured up her resignation letter only to support her attempt to undeservedly receive unemployment benefits." Appellant's App. Vol. II at 2. The Review Board rejected East Wind's attempt to submit the additional evidence and expressly adopted and affirmed the ALJ's judgment. This appeal ensued.

## Discussion and Decision

### *Issue One: Review Board's Denial of East Wind's Request to Submit Additional Evidence*

[6] We first consider East Wind's argument on appeal that the Review Board erred when it denied East Wind's attempt to submit additional evidence to the Review Board. The Indiana Administrative Code provides:

> Each hearing before the review board shall be confined to the evidence submitted before the administrative law judge unless it is an original hearing. Provided, however, the review board may hear or procure additional evidence upon its own motion, or upon written application of either party, and for good cause shown, together with a showing of good reason why the additional evidence was not procured and introduced at the hearing before the administrative law judge.

646 Ind. Admin. Code 5-10-11(b). The Review Board's decision to accept or reject additional evidence is in its discretion. *Telligman v. Review Bd. of Ind. Dep't of Workforce Dev.*, 996 N.E.2d 858, 865 (Ind. Ct. App. 2013).

[7] East Wind asserts that it "was denied the fundamental due process right to cross-examine [Lesnick] and present evidence to impeach [her] credibility" during the proceedings before the ALJ. Appellant's Br. at 19. We cannot agree. East Wind, by Zaranski, was present at the proceedings before the ALJ, along with Lesnick; Lesnick's resignation letter to East Wind and her appeal to the ALJ expressly identified Zaranski's behavior towards her as the basis for Lesnick's claim that she had quit her job with good cause; and nothing in East Wind's request to submit the additional evidence to the Review Board explained how the testimony of other employees could not have been obtained and submitted to the ALJ. In other words, East Wind had notice and opportunity to fully respond to Lesnick's claim before the ALJ. Accordingly, we cannot say that the Review Board abused its discretion when it rejected East Wind's subsequent attempt to present additional evidence. Likewise, we

cannot say that the Review Board's decision affected East Wind's constitutional rights.

### Issue Two: Sufficiency of the Evidence

[8]    We thus turn to East Wind's assertion that the Review Board's judgment is not supported by sufficient evidence. According to the Indiana Supreme Court:

> The Indiana Unemployment Compensation Act (UCA) provides that any decision of the Review Board shall be conclusive and binding as to all questions of fact. Ind. Code § 22-4-17-12(a) (2007). When the decision of the Review Board is challenged, an appellate court makes a two-part inquiry into (1) "the sufficiency of the facts found to sustain the decision" and (2) "the sufficiency of the evidence to sustain the findings of fact." *Id.* § 22-4-17-12(f). This Court provided an extensive analysis of the standard of review for these cases in *McClain v. Review Board of Indiana Department of Workforce Development*, 693 N.E.2d 1314 (Ind. 1998). Simply stated, an appellate court reviews "(1) determinations of specific or 'basic' underlying facts; (2) conclusions or inferences from those facts, sometimes called 'ultimate facts,' and (3) conclusions of law." *Id.* at 1317.
>
> The Review Board's "findings of basic facts are subject to a 'substantial evidence' standard of review." *Id.* We neither reweigh evidence nor judge the credibility of witnesses; rather, we consider only the evidence most favorable to the Review Board's findings. *Id.* We will reverse the decision only if there is no substantial evidence to support the Review Board's findings. *Id.*

*J.M. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 975 N.E.2d 1283, 1286 (Ind. 2012).

[9] East Wind argues that the evidence is insufficient as a matter of law to demonstrate that Lesnick left her employment with good cause. Indiana Code Section 22-4-15-1(a) provides, in relevant part, that individuals who voluntarily leave their employment are not eligible for benefits unless they left their employment with "good cause in connection with the work." As we have explained:

> The "good cause" requirement means the employee's reason for terminating [her] employment must be job related and objective in character, excluding purely subjective and personal reasons. *Marozsan v. Review Bd. of the Ind. Employment Sec. Div.*, 429 N.E.2d 986, 989 (Ind. Ct. App. 1982). The Act will provide compensation only when demands placed upon an employee are so unreasonable or unfair that "a reasonably prudent person would be impelled to leave." *Id.* at 990.

*Ky. Truck Sales, Inc. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 725 N.E.2d 523, 526 (Ind. Ct. App. 2000).

[10] East Wind contends that the Review Board's judgment is contrary to this court's opinion in *Kentucky Truck Sales*. In that case, we held, on *prima facie* review, that the employer had met its burden on appeal to show that the Review Board had erroneously found good cause for the employee to leave his employment. *Id.* at 526. The employee in that case had a history of absenteeism and, on one occasion, his supervisor gave him a "reprimand [that] was indelicately presented." *Id.* In light of that reprimand, the employee quit his job. The Review Board concluded the employee had good cause to do so,

but we held that the employer had "made a showing of *prima facie* error" in light of the totality of the circumstances. *Id.*

[11]  We conclude that *Kentucky Truck Sales* is not controlling here. First, unlike *Kentucky Truck Sales*, we are not reviewing the Review Board's judgment under the *prima facie* error standard. Second, unlike in *Kentucky Truck Sales*, here Zaranski's mistreatment of Lesnick was neither a one-time incident nor related to any clearly identified reprimand for absenteeism. Rather, the record is clear that Zaranski's mistreatment of Lesnick was independent of Lesnick's attendance, such as when Zaranski screamed at Lesnick for not helping Zaranski train another employee. *Kentucky Truck Sales* is not a blank check for the mistreatment of employees.

[12]  The Review Board's judgment is supported by the record. On at least three occasions in less than four months, Zaranski screamed at Lesnick. On November 24, 2015, Zaranski screamed at Lesnick for not helping Zaranski train another employee. On February 25, 2016, Zaranski screamed at Lesnick for not showing up to work on time, hung up, and then called her back to scream at her some more. And, on March 9, 2016, during a conversation about time off Lesnick needed for her own physical therapy, Zaranski again screamed at Lesnick, yelling "I don't care what the fuck you do." Tr. Vol. 2 at 11. Immediately after the February 25 incident, Lesnick asked Zaranski to not scream at her, but Zaranski stated that that is just how she communicates. In sum, the evidence shows that Zaranski's treatment of Lesnick was not confined to a single incident but manifested an habitual pattern of conduct.

[13] The Review Board concluded that Zaranski's treatment of Lesnick gave Lesnick good cause to voluntarily leave her employment. That judgment was squarely within the Review Board's prerogative on this record. Employees are not obliged to endure treatment such as Zaranski's treatment of Lesnick. In other words, Zaranski's treatment of Lesnick was so unreasonable or unfair that "a reasonably prudent person would be impelled to leave" her employment because of it. *See Ky. Truck Sales*, 725 N.E.2d at 526. East Wind's arguments to the contrary simply seek to have this court reweigh the evidence on appeal or otherwise consider evidence other than that which is most favorable to the Review Board's judgment, which we will not do. Accordingly, we affirm the Review Board's judgment.

[14] Affirmed.

Bailey, J., and May, J., concur.