Luella JENKINS

v.

Holton HAYES, et al.

No. IP 80–49–C.

United States District Court, S.D. Indiana, Indianapolis Division.

April 20, 1983.

Legal Services Organization, Indianapolis, Ind., for plaintiff.

Deputy Atty. Gen., Gerald Coraz, Indianapolis, Ind., for defendants.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

STECKLER, District Judge.

This matter comes before the Court on the parties' cross-motions for summary judgment. Fed.R.Civ.P. 56.

The facts giving rise to this lawsuit are relatively simple and undisputed. Plaintiff was an employee of the Indianapolis Public Schools under the CETA program. She worked as a library aide at Public School 59. She also was employed by the City of Indianapolis as a crossing guard at School 59 during half-hour periods before school, at noon, and after school. In August 1979 plaintiff was laid off from the library aide position when CETA funding expired. She applied and qualified for unemployment benefits as a result of the layoff. She would have received partial benefits because she had the crossing guard position. However, plaintiff quit the crossing guard job one week after the layoff because the travel would have consumed almost half her daily earnings and because the sporadic work times combined with travel time would have made it difficult for her to seek other full time employment. Under Ind. Code § 22–4–15–1, plaintiff's eligibility for partial unemployment benefits was terminated because she voluntarily quit the crossing guard job. Plaintiff alleges that Ind.Code § 22–4–15–1 violates the Equal Protection Clause of the Fourteenth Amendment in that it irrationally discriminates against and punishes persons who hold two or more jobs. She seeks to enjoin enforcement of the statute as against persons in her situation, a declaration that the statute is unconstitutional, and an award of benefits withheld from her.

Both parties seek summary judgment on the constitutionality question. Defendants also raise the defense of qualified immunity.

In evaluating a challenge under the Equal Protection Clause, the Court must determine (1) whether the challenged statute treats similarly situated persons differently, (2) if so, by what standard the resultant classification must be judged, and (3) whether or not the classification scheme meets the required standard.

■ There appears to be little disagreement between the parties that Ind.Code § 22–4–15–1 treats persons who qualify for partial benefits after involuntarily losing one job, and who subsequently quit a second job, differently from those who qualify for benefits after involuntarily losing their only job. The parties also agree that the appropriate standard by which the Court must evaluate the differentiation in treatment brought about by the statute is the rational relationship test. *Schweiker v. Wilson,* 450 U.S. 221, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981). In other words, the Court must

determine whether terminating all unemployment benefits to a person who has held two or more jobs at one time and voluntarily quits one of the jobs after involuntarily losing the other is rationally related to legitimate state goals.

The Indiana Legislature stated the purpose of the Indiana Employment Security Act as follows:

"As a guide to the interpretation of this act [22–4–1–1—22–4–38–3], the public policy of this state is declared to be as follows: Economic insecurity due to unemployment is declared hereby to be a serious menace to the health, morale and welfare of the people of this state and to the maintenance of public order within this state. Protection against this great hazard of our economic life can. be provided in some measure by the required and systematic accumulation of funds during periods of employment to provide benefits to the unemployed during periods of unemployment and by encouragement of desirable stable employment. The enactment of this measure to provide for payment of benefits to persons unemployed through no fault of their own, to encourage stabilization in employment, and to provide for a state employment service is, therefore, essential to public welfare; and the same is declared to be a proper exercise of the police powers of the state."

Ind.Code § 22–4–1–1.

Defendants assert that the purposes of Ind.Code § 22–4–15–1 are the same as the purposes of the Act as a whole quoted above, that is, provision of benefits to those unemployed through no fault of their own, and, promotion of employment stability. The defendants also discuss what the Court concludes are two sub-purposes which both serve to supply funds which can be paid out as benefits to qualifying individuals. These sub-purposes are (1) the avoidance of unnecessary tax rate increases to employers and (2) protection and maintenance of the fund from which benefits are paid.

Plaintiff does not deny that the statute's purposes as discussed in Ind.Code § 22–4– 1–1 and by the defendants are legitimate goals for the State to· pursue. Plaintiff's major contention is that even under the relaxed standard of the "rational relationship" test, denial of all benefits to one in plaintiff's situation is not rationally related to the purposes of the statute. More specifically, plaintiff argues that denying benefits to one partially unemployed through no fault of her own does not further the goal of providing benefits to those unemployed through no fault of their own. She argues that despite her voluntary loss of one job, she is still partially unemployed through no fault of her own. She also asserts that denial of benefits to one in her situation serves as a disincentive to obtaining or retaining a second job and therefore disserves the goal of employment stability. She further claims that granting plaintiff partial benefits would not increase the unemployment tax rate of her former employers over what it would have beeh had she continued the crossing guard job. Finally she contends that the goal of preserving the fiscal integrity of the fund cannot serve as the sole justification for the denial of benefits in this situation.

■ Having considered the parties' arguments, the Court concludes that the Indiana statute's denial of unemployment benefits to one in plaintiff's situation is rationally related to the legitimate goals of the Legislature in enacting the Indiana Unemployment Compensation Act. The overall statutory scheme indicates that the Legislature wanted to provide benefits to those who deserved and needed them to tide them over periods of unemployment. At the same time, the Legislature wanted to encourage employment stability so it provided that only those persons unemployed through no fault of their own could receive such benefits. It is not argued that this distinction between those unemployed through their own fault and those unemployed through no fault of their own is invalid. The Court concludes that it is in keeping with the general statutory scheme of distinguishing between those with fault and those without fault that persons in

plaintiff's situation are denied benefits. In other words, the same rationale underlies denial of benefits to persons whose unemployment is totally their fault and to those persons whose unemployment is only partially their fault.

The Court further concludes that the challenged provision tends to encourage stability in employment in two ways. First, a person receiving partial benefits along with wages from a part-time job will be encouraged to retain the part-time job and benefits rather than receive no income. Second, a person receiving no benefits as a result of the application of the provision will be encouraged to secure employment as soon as possible.

The challenged provision also plays a part in assuring that adequate funds will be available to provide benefits to those in no way responsible for their unemployment, since the funds will not be depleted through payments to persons in plaintiff's position.

■ While the denial of benefits to one in plaintiff's position may not seem entirely fair, perfection in the drawing of lines and the creation of classifications is not required under the rational relationship test. *Ohio Bureau of Employment Services v. Hodory,* 431 U.S. 471, 489, 97 S.Ct. 1898, 1908, 52 L.Ed.2d 513 (1977) (denial of unemployment benefits to one laid off as a result of a widespread strike by other employees held constitutional); *Puglisi v. United States,* 564 F.2d 403, 411 (7th Cir.1977) (differentiation in retirement benefits paid to government employees who were retired regular army officers and retired reserve officers, though perhaps "unfair," was rationally related to legitimate goals of government); *Romero v. Hodgson,* 319 F.Supp. 1201 (N.D.Cal.1970), *aff'd,* 403 U.S. 901, 91 S.Ct. 2215, 29 L.Ed.2d 678 (challenge to laws excluding migrant agricultural workers from coverage by unemployment compensation described as a necessary political compromise).

To summarize, the Court has concluded that the challenged provision is rationally related to legitimate governmental purposes and is therefore not in violation of the Equal Protection Clause. In view of this decision, the Court need not consider defendant's argument concerning the good faith defense.

By reason of the foregoing, defendants' motion for summary judgment on the constitutional issue should be, and it is hereby, GRANTED. Plaintiff's cross-motion for summary judgment is DENIED and plaintiff shall take nothing by her complaint.

IT IS SO ORDERED.