**Sharon R. LOFTON, Appellant,**

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION and Koala Outpatient Center, Appellees.**

**No. 93A02–8606–EX–00202.**

Court of Appeals of Indiana, Third District.

Nov. 13, 1986.

Lisa R. Hayes, Kathryn Williams, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee Review Bd. of Indiana Employment Sec. Div.

Gary Lynn Hostetler, Richard E. Shevitz, Hopper & Opperman, Indianapolis, for appellee Koala Outpatient Center.

HOFFMAN, Judge.

Sharon Lofton appeals the decision of the Review Board of the Indiana Employment Security Division denying her request for unemployment benefits. She alleges on appeal that the decision of the Review Board was erroneous and contrary to law.

■ To establish "good cause" justifying voluntary termination of employment with entitlement to unemployment benefits, the claimant must demonstrate that the reasons for terminating the employment are job related and objective in character, excluding reasons which are personal and subjective. *Marozsan v. Review Bd. of Ind. Emp. Sec. Div.* (1982), Ind.App., 429 N.E.2d 986, 989. In addition, the claimant must demonstrate that the reasons for terminating the employment are of such character as would impel a reasonably prudent person to take like action under similar circumstances. *Marozsan, supra,* 429 N.E.2d at 988.

■ The question of whether the employee voluntarily left the employment without good cause is a question of fact to be determined by the Review Board. This Court will not reweigh the evidence, but will consider only the evidence which supports the Review Board's decision and will reverse only if reasonable men would be bound to reach a different conclusion. *Mshar v. Review Bd. of Ind. Emp. Sec. Div.* (1983), Ind.App., 445 N.E.2d 1376.

■ A review of the Board's decision reveals the facts as found by the Board. Claimant felt she was overworked and had complained frequently to her superior as to conditions in her department for some substantial time prior to October, 1985. In October, 1985 a new director was employed and she began to make changes in the department, asking for suggestions and input from claimant. During this time claimant was taking classes at Ivy Tech in addition to performing the duties of her employment, and she was being treated by a therapist without medical credentials or licenses who agreed with claimant's decision to leave her employment on the basis of stress. Also, the department was expanding and there was additional work during the period of transition. However, the new director was attempting to add personnel and to increase efficiency of performance within the department. One month after the new director began her work, claimant submitted notice of resignation stating the reason as intolerable working conditions.

The Review Board concluded it was impossible to make a finding that the employment alone caused the claimant's condition because she was trying to work full time and go to school also. There was no affirmative showing by claimant that she was required to work at tasks outside her job classification. Also, although there was an increased work load during the time of transition, the department was being streamlined and improved by the new director and staff was being increased. The Board concluded:

"The claimant decided to quit before the transition was completed. Since the evidence is not persuasive that the employer violated any of the agreed terms and conditions of the claimant's hire, or that

working conditions constituted a clear and present danger to the claimant's health or safety, it is held that the claimant has failed to prove by substantial evidence of probative value that her reasons for leaving work were such as would impel a reasonably prudent person to terminate under the same or similar circumstances and that her reasons for leaving were objectively related to the employment. It is held that she has failed to prove good cause in connection with the work for leaving work at the time she did."

Thus there was no finding by the Review Board that the reasons for terminating the employment were objectively related to the job. There was instead findings which lead to the conclusion that after repeated complaints by the claimant as to conditions in the department steps had been taken to try to alleviate the problems. These findings render *Foster v. Review Bd. of Indiana Emp. Sec. Div.* (1981), Ind.App., 421 N.E.2d 744, relied on by claimant, inapplicable to the present case. In *Foster* the Board made findings of fact in favor of the claimant's asserting that she terminated her employment due to objective conditions of the job. However, the Board then decided that those conditions of employment did not constitute good cause. The Court of Appeals reversed finding that the adverse conditions of employment demonstrated by Foster and found to be the reasons for voluntary termination did constitute good cause. In the present case, the Board did not make findings that adverse, objective conditions of the job caused claimant's condition.

Finally, in a situation where the conditions complained of are being addressed and improvement is being attempted, it cannot be said that the reasonably prudent person would terminate the employment.

Affirmed.

STATON, P.J., and GARRARD, J., concur.