**Dorothy WINDER, Appellant,**

v.

**REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION, John C. Mowrer, Chairman, and Joe A. Harris, Member, as Constituting the Review Board of the Indiana Employment Security Division, and Frank's Nursery Sales, Inc., Appellees.**

No. 93A02–8705–EX–193.

Court of Appeals of Indiana, Second District.

Sept. 29, 1988.

Kathryn M. Williams, Christopher B. Haile, Legal Services Organization of Indiana, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl Lynn Greiner, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellees.

SULLIVAN, Judge.

Claimant-appellant Dorothy Winder appeals the decision of the Review Board of the Indiana Employment Security Division denying unemployment compensation benefits.

We reverse.

Winder began working as a full-time caseworker for the Center Township Trustee in October of 1985. In September of 1986, she accepted additional employment as a seasonal part-time cashier for Frank's Nursery Sales, Inc. She terminated this part-time employment on December 22, 1986, because her legs, ankles and feet were swollen from the standing required by the job. Eleven days later, the Trustee's office terminated Winder.

The Board denied Winder's claim for unemployment compensation benefits, concluding that she terminated her part-time employment with Frank's without good

cause and that I.C. 22–4–15–1(c)(1) (Burns Code Ed.Repl.1986) disqualified her. The statute provides:

"An individual shall not be subject to disqualification because of separation from his prior employment if he left to accept with another employer previously secured permanent full-time work which offered reasonable expectation of betterment of wages or working conditions and thereafter was employed on said job for not less than ten (10) weeks or if, having been simultaneously employed by two (2) employers, he leaves one (1) such employer voluntarily without good cause in connection with the work but remains in employment with the second employer for at least ten (10) weeks subsequent to leaving the first employer, or if he left to accept recall made by a base-period employer." I.C. 22–4–15–1(c)(1).

Winder contends upon appeal that she terminated her job with Frank's with good cause and that I.C. 22–4–15–1(c)(1) denies her equal protection.

■ The Board's findings of fact are generally conclusive and binding upon this court. *York v. Review Board of Indiana Employment Security Division* (1981) 1st Dist. Ind.App., 425 N.E.2d 707. We may not reweigh the evidence and may only consider the evidence and reasonable inferences therefrom most favorable to the Board's decision. *Gathering v. Review Board of Indiana Employment Security Division* (1986) 4th Dist. Ind.App., 495 N.E.2d 207; *Quillen v. Review Board of Indiana Employment Security Division* (1984) 4th Dist. Ind.App., 468 N.E.2d 238. Only if reasonable persons would be bound to reach a different conclusion upon the evidence will we disturb the decision of the Board. *Gathering, supra; Moore v. Review Board of Indiana Employment Security Division* (1984) 3d Dist. Ind.App., 461 N.E.2d 737.

■ Upon reviewing the Board's findings, we refuse to disturb their conclusion that Winder terminated her employment with Frank's without good cause. Her sole reason for abandoning this employment was that her feet, ankles, and legs became swollen from having to stand on the job. Yet, Winder neither informed Frank's that she was suffering from having to stand nor asked to work fewer hours. A reasonable person could conclude that Winder abandoned this employment for personal and subjective reasons, without good cause. Furthermore, *Raham v. Review Board of Indiana Employment Security Division* (1980) 4th Dist. Ind.App., 405 N.E.2d 606, states that for a medical reason to constitute good cause for quitting, an employee must substantiate the medical problem by showing the employer a doctor's statement. Winder failed to do so.

■ Although we refuse to disturb the Board's finding with regard to good cause, we agree with Winder's second argument that I.C. 22–4–15–1(c)(1) has been applied so as to deny her equal protection. Indiana Code 22–4–15–1 treats persons who qualify for benefits after voluntarily quitting one job, and who subsequently lose a second job, differently from those who qualify for benefits after involuntarily losing their only job. The standard by which we must evaluate this differentiation in treatment is the rational relationship test. Differentiation under the statute must be related to legitimate state goals. *Jenkins v. Hayes* (1983) S.D. Ind., 560 F.Supp. 918 (Indiana law).

The purpose of the Indiana Employment Security Act is as follows:

"Economic insecurity due to unemployment is declared hereby to be a serious menace to the health, morale and welfare of the people of this state and to the maintenance of public order within this state. Protection against this great hazard of our economic life can be provided in some measure by the required and systematic accumulation of funds during periods of employment to provide benefits to the unemployed during periods of unemployment and by encouragement of desirable stable employment. The enactment of this article to provide for payment of benefits to persons unemployed through no fault of their own, to encourage stabilization in employment, and to provide for integrated employment and

training services in support of state economic development programs, and to provide maximum job training and employment opportunities for the unemployed, underemployed, the economically disadvantaged, dislocated workers, and others with substantial barriers to employment, is, therefore, essential to public welfare; and the same is declared to be a proper exercise of the police powers of the state. To further this public policy, the state, through its department of employment and training services, will maintain close coordination among all federal, state, and local agencies whose mission affects the employment or employability of the unemployed and underemployed." I.C. 22–4–1–1 (Burns Code Ed.Supp.1988).[1]

We must give the Act "a liberal construction in favor of employees because it is social legislation meriting such construction in order to promote its underlying humanitarian purposes." *Horvath v. Review Board of Indiana Employment Security Division* (1987) 2d Dist. Ind.App., 503 N.E. 2d 441, 443.

Winder argues that denial of benefits pursuant to I.C. 22–4–15–1 is not rationally related to two of the goals of the Indiana Employment Security Act. We agree. These goals are to provide benefits to those unemployed through no fault of their own and to encourage employment stability. Winder was unemployed through no fault of her own when a new trustee fired her from her full-time job as a caseworker. Though she had earlier quit a seasonal part-time position at Frank's, she did so reasonably expecting to maintain full-time employment at the Trustee's office. Thus, she was attempting to maintain stable employment.

The present case can be distinguished from *Jenkins, supra,* 560 F.Supp. 918, which the Board cites in support of its decision. Jenkins was fired from full-time employment and subsequently quit her part-time employment. The court concluded that denying benefits to Jenkins, who was at least partially at fault for her unemployment, was within the purpose of I.C. 22–4–15–1 to encourage stable employment. In the present case, Winder quit part-time employment and was later terminated from her full-time employment. Unlike Jenkins, Winder never voluntarily became unemployed.

*Arrendale v. Review Board of Indiana Employment Security Division* (1983) 3d Dist. Ind.App., 445 N.E.2d 128, is more factually similar to the present case. The Third District held that a reasonably prudent person would leave a temporary, part-time job in order to retain full-time employment. Arrendale did retain his temporary position for as long as he originally agreed to hold the position while Winder quit her seasonal employment shortly before the season was over. Yet, both claimants acted so as to preserve their stable, full-time employment and were unemployed through no fault of their own. Therefore, we agree with the court in *Arrendale, supra* at 130: "To penalize an industrious man who was involuntarily unemployed through no fault of his own seems incongruous."

Winder had accrued a right to unemployment benefits from her full-time employer. If she had not held a part-time job with Frank's, she would have been granted benefits from her Trustee's office job. We believe that the distinction drawn by the Board is arbitrary, bearing no rational relationship to the goals of the Indiana Employment Security Act. Winder is entitled to draw upon the Trustee's contributions to the fund.

The negative award is reversed and the matter remanded for further proceedings.

ROBERTSON, J., concurs.

BUCHANAN, J., concurs in Result.

1. The underlying purpose upon which we focus was not altered by an amendment to the provision in 1987.