Barbara J. VICARI, Appellant,

v.

REVIEW BOARD OF the INDIANA DE-PARTMENT OF EMPLOYMENT AND TRAINING SERVICES, Michael K. Bonnell, Joe A. Harris, and Nanette L. McDermott, as Members of and consti-tuting the Review Board of the Indiana Department of Employment and Train-ing Services, and Lake County Depart-ment of Public Welfare, Appellees.

No. 93A02–9004–EX–217.

Court of Appeals of Indiana, Third District.

March 27, 1991.

Rehearing Denied May 15, 1991.

Elizabeth G. Tegarden, Gary, for appel-lant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellees.

HOFFMAN, Presiding Judge.

Claimant-appellant Barbara J. Vicari ap-peals the decision of the Review Board of the Indiana Department of Employment and Training Services (the Board) denying her claim for unemployment compensation benefits. Vicari presents one issue for our review: whether IND.CODE § 22–4–15–1(c)(1) (1990 Supp.) violates the constitutional guarantees of equal protec-tion provided by the United States and Indiana constitutions.

Vicari began working as a full-time clerk-typist for the Lake County Department of Public Welfare (LCDPW) on June 6, 1988. Due to personal dissatisfaction with her job, Vicari secured new employment with Pacesetter Steel and submitted a letter of resignation to the LCDPW in September of 1989. Vicari terminated her employment with the LCDPW on September 29, 1989, and began working for Pacesetter Steel as a full-time receptionist on October 2, 1989. On October 26, 1989, Pacesetter Steel ter-minated Vicari, and she applied for unem-ployment compensation benefits. The claims deputy denied Vicari's claim, and she instituted an appeal with the appeals referee. After conducting a hearing which Vicari and her LCDPW employer attended, the referee entered findings of fact and conclusions of law affirming the deputy's

decision. Vicari appealed the referee's decision to the Board which adopted the referee's findings and conclusions and affirmed the denial of benefits.

The findings and conclusions the Board adopted provide as follows:

"FINDINGS: The claimant worked for this employer for the period from June 6, 1988, to September 29, 1989, as a clerk-typist V. Her rate of pay at the time of separation was five dollars and eighty-nine cents ($5.89) per hour. The claimant was a full-time employee of this employer. The claimant voluntarily left her employment effective September 29, 1989. The claimant submitted a resignation to the employer, dated September 19, 1989, which indicated that her resignation was to be effective September 29, 1989. In the resignation, the claimant did not indicate any reason for her leaving. Work was available for the claimant with the employer at the time of her leaving. The claimant's job was not in jeopardy, as the employer considered the claimant to be a satisfactory employee. The claimant had secured full-time work with Pay Setter [sic] Steel of Saulk Village, Illinois. The claimant worked for Pay Setter [sic] Steel from October 2, 1989, to October 26, 1989, as a receptionist on a full-tme [sic] basis. Her rate of pay with Pay Setter [sic] Steel was seven dollars and ten cents ($7.10) per hour. The claimant left the employment of this employer [LCDPW] because she was unhappy with the work. The claimant felt that other employees placed work on her desk when she was away from her work station. Further, the claimant felt that the distribution of the work was unfair. However, the claimant as a clerk-typist V was to perform typing for employees in other job classifications. The work delegated to the claimant was within her job classification. The claimant met the requirements of her areas of responsibility. Further, the claimant was satisfactory in all areas of her work performance. The claimant was given the opportunity to apply for a transfer to a different floor but was not successful in her attempt. The claimant then left the employment of this employer.

CONCLUSION: From the foregoing findings, it is concluded that the claimant voluntarily left her employment with this employer. It is concluded that the claimant left the employment to accept with another employer previously secured permanent, full-time work which offered a reasonable expectation of betterment of wages; however, the claimant was not employed on the new job for not less than ten weeks. Therefore, it is concluded that modification (c)[( )1[ )] to Chapter 15-1 of the Act does not apply in this case. It is concluded that the claimant voluntarily left the employment of this employer because of personal dissatisfaction with her working conditions and without good cause in connection with the work, within the meaning of Chapter 15, Section 1 of the Indiana Employment and Training Services Act.

DECISION: The deputy's determination of November 16, 1989, is, therefore, modified to show the date of separation to be September 29, 1989, and to show the statutory disqualification of Chapter 15, Section 1 of the Act to be effective the week ending September 30, 1989, and as modified, affirmed. The claimant's benefit rights are suspended effective the week ending September 30, 1989, until the claimant has earned remuneration [sic] in employment equal to or exceeding the weekly benefit amount of her claim in each of eight weeks. The claimant's maximum benefit amount is reduced by 25 percent."

Vicari contends that, as applied, IND. CODE § 22–4–15–1(c)(1) denies her equal protection of the laws. IND.CODE § 22–4–15–1(c)(1) provides as follows:

"An individual shall not be subject to disqualification because of separation from his prior employment if he left to accept with another employer previously secured permanent full-time work which offered reasonable expectation of betterment of wages or working conditions and thereafter was employed on said job for not less than ten (10) weeks or if, having been simultaneously employed by two (2) employers, he leaves one (1) such employer voluntarily without good cause in con-

nection with the work but remains in employment with the second employer for at least ten (10) weeks subsequent to leaving the first employer, or if he left to accept recall made by a base-period employer."

Specifically, Vicari argues that the statute treats persons who have changed jobs within ten weeks of their involuntary unemployment differently from persons who have not changed jobs within ten weeks of their involuntary unemployment.

Equal protection of the laws does not mandate similar treatment for those individuals who are not similarly situated. *In re Terry* (1975), 262 Ind. 667, 329 N.E.2d 38, 39. Contrary to Vicari's assertion, the two groups of involuntarily unemployed persons she describes are *not* similarly situated. The group that changed jobs within ten weeks has not been employed as long as the group that did not change jobs. One of the goals of the Indiana Employment Security Act is to encourage employment stability;[1] thus, when a person voluntarily leaves one job for another, IND.CODE § 22–4–15–1(c)(1) requires at least ten weeks of employment on the new job before that person can qualify for unemployment compensation benefits. The ten-week requirement prevents excessive job-hopping and is rationally related to the goal of encouraging employment stability.

Vicari relies in large part on *Winder v. Review Bd. of Emp. Sec. Div.* (1988), Ind. App., 528 N.E.2d 854, a case in which this Court upheld an equal protection challenge to IND.CODE § 22–4–15–1(c)(1). However, unlike Vicari, Winder had two jobs, one full time and one part time. Winder quit her part-time job without good cause but maintained her full-time job until her involuntary termination. The Board denied Winder's claim for unemployment benefits based on the latter half of IND.CODE § 22–4–15–1(c)(1), but this Court reversed the Board's decision because Winder would have been granted unemployment benefits from her full-time job if she had not held her part-time job. In contrast to Vicari's situation, the ten-week requirement was of little consequence since Winder had maintained her full-time job at all times until her termination.

On review of a negative decision, the claimant has the burden of showing that upon the evidence submitted, the Board erroneously denied him relief to which he was entitled. *Arrendale v. Review Bd. of Ind. Employ. Sec.* (1983), Ind.App., 445 N.E.2d 128, 130. On appeal, this Court will not disturb a decision of the Board unless reasonable persons would be bound to reach a different conclusion on the evidence in the record. *Id.* The evidence in the instant case supported the decision of the Board; therefore, the decision is affirmed.

Affirmed.

ROBERTSON, J., concurs.

STATON, J., concurs in result.

---

1. IND.CODE § 22–4–1–1 sets out the purpose of the Indiana Employment Security Act as follows:

"Economic insecurity due to unemployment is declared hereby to be a serious menace to the health, morale, and welfare of the people of this state and to the maintenance of public order within this state. Protection against this great hazard of our economic life can be provided in some measure by the required and systematic accumulation of funds during periods of employment to provide benefits to the unemployed during periods of unemployment and by encouragement of desirable stable employment. The enactment of this article to provide for payment of benefits to persons unemployed through no fault of their own, to encourage stabilization in employment, and to provide for integrated employment and training services in support of state economic development programs, and to provide maximum job training and employment opportunities for the unemployed, underemployed, the economically disadvantaged, dislocated workers, and others with substantial barriers to employment, is, therefore, essential to public welfare; and the same is declared to be a proper exercise of the police powers of this state. To further this public policy, the state, through its department of employment and training services, will maintain close coordination among all federal, state, and local agencies whose mission affects the employment or employability of the unemployed and underemployed."