Louis F. WADE, Appellant–Claimant Below,

v.

REVIEW BOARD OF THE INDIANA DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, Sandra D. Leek, George H. Baker, and Mark T. Robbins, as Members of the Review Board, and Jani–Clean, Appellee–Employer Below.

No. 93A02–9203–EX–127.

Court of Appeals of Indiana, Third District.

Oct. 1, 1992.

---

**3.** Our research revealed that at least fifty-two federal and state jurisdictions have followed this rule.

R. Jeff Dodson, Belcher & Dodson, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Louis Wade appeals the decision of the Review Board of the Indiana Department of Employment and Training Services ("Review Board") affirming the administrative denial of unemployment benefits to Wade. Wade presents three issues for our review:

    I.  Whether the Review Board erroneously concluded that Wade terminated his employment with Jani–Clean without good cause.

    II.  Whether the Review Board erroneously declined to find that Wade was involuntarily unemployed due to a physical disability.

    III.  Whether the Review Board's application of IND.CODE 22–4–15–1(C)(1) denied Wade equal protection of the law.

We affirm.

On October 25, 1991, Wade terminated his employment with Jani–Clean in anticipation of commencing employment with Eastland Mall on October 27, 1991. Several hours before he was due to report to work at Eastland Mall, Wade became ill and was hospitalized. Upon his release one week later, Wade contacted Eastland Mall and learned that his position had been filled.

Wade applied for unemployment compensation on November 4, 1991. The claims deputy of the Indiana Employment Security Division denied Wade benefits, prompting Wade to request an administrative hearing. On January 2, 1992, an appeals referee affirmed the denial of benefits. On January 31, 1992, the Review Board affirmed the decision of the referee and incorporated by reference his findings of fact and conclusions of law. This appeal ensued.

## I.

### *Termination of Employment for "Good Cause"*

The denial of unemployment benefits to Wade was predicated upon a finding that Wade had voluntarily terminated his employment with Jani–Clean without "good cause." I.C. 22–4–15–1 provides that a

claimant who "voluntarily left his employment without good cause in connection with the work" is ineligible for unemployment benefits. This disqualification is subject to modification by subsection (c)(1) which provides:

"An individual shall not be subject to disqualification because of separation from his prior employment if he left to accept with another employer previously secured permanent full-time work which offered reasonable expectation of betterment of wages or working conditions and thereafter was employed on said job for not less than ten (10) weeks or if, having been simultaneously employed by two (2) employers, he leaves one (1) such employer voluntarily without good cause in connection with the work but remains in employment with the second employer for at least ten (10) weeks subsequent to leaving the first employer, or if he left to accept recall made by a base-period employer."

The findings of the administrative law judge provided in pertinent part: "The claimant's reason for leaving the employment, that is to accept a better paying job, is perfectly understandable, however, it is also an entirely personal reason for leaving the employment and, therefore, does not constitute good cause in connection with the work within the meaning of the Act." Record, p. 27. This finding was adopted by the Review Board. Record, p. 6.

■ The question of whether an employee voluntarily terminated his employment without good cause is a question of fact to be determined by the Review Board. *Lofton v. Review Board of the Indiana Employment Security Division* (1986), Ind.App., 499 N.E.2d 801, 802. This court will not reweigh the evidence but will consider only the evidence which supports the Review Board's decision. *Id.* We will reverse only if reasonable persons would be bound to reach a conclusion opposite that of the Review Board. *Winder v. Review Bd. of Emp. Sec. Div.* (1988), Ind.App., 528 N.E.2d 854, 856.

■ The burden of establishing that the voluntary termination of employment was for good cause rests upon the claimant. *Thomas v. Dept. of Emp. & Training Serv.* (1989), Ind.App., 543 N.E.2d 397, 400. The claimant must show (1) his reasons for abandoning his employment were such as to impel a reasonably prudent person to terminate under the same or similar circumstances and (2) the reasons are objectively related to the employment. *Gray v. Dobbs House, Inc.* (1976), 171 Ind.App. 444, 447, 357 N.E.2d 900, 903.

Wade testified that he had secured permanent full-time employment with Eastland Mall. Furthermore, he expected to increase his earnings by $1.50 per hour. Wade argues that a reasonably prudent person in the same or similar circumstances would terminate his former employment. Additionally, Wade contends that his application for benefits must be granted pursuant to the authority of *Horvath v. Review Bd. of Indiana Employment* (1987), Ind.App., 503 N.E.2d 441. Horvath left one position for other previously secured employment, reported for successive employment after an unexpected three month delay, and was laid-off less than one year later. This court reversed the decision of the Review Board denying benefits to Horvath, concluding that Horvath fell within the exception of I.C. 22–4–15–1(d)(1) [now I.C. 22–4–15–1(c)(1)].

■ Assuming that the first prong of the *Gray* test is satisfied because a reasonably prudent person would change employment to obtain higher wages, Wade nevertheless fails to satisfy the second prong. Dissatisfaction with compensation is a personal and subjective condition unique to the employee. *Wicker v. Review Board of the Indiana Employment Security Division* (1977), 173 Ind.App. 657, 660, 365 N.E.2d 787, 788–89. Furthermore, Wade failed to satisfy the statutory criteria constituting an exception to the denial of benefits for one who voluntarily terminates his employment without good cause. Unlike Horvath, Wade was not employed in the second position for a period of ten weeks.

A claimant who seeks unemployment compensation benefits after voluntarily terminating his employment must show that he left his employment for good cause objectively related to the employment or that he falls within a statutory exception. Wade established neither prerequisite for the receipt of benefits; thus, the Review Board decision is not contrary to law.

## II.

### Physical Disability Exception

■ Next, Wade claims that he was entitled to benefits pursuant to I.C. 22–4–15–1(c)(2) which provides:

"An individual whose unemployment is the result of medically substantiated physical disability and who is involuntarily unemployed after having made reasonable efforts to maintain the employment relationship shall not be subject to disqualification under this section for such separation."

The Review Board found that Wade *voluntarily* left his employment on October 25, 1991 in order to accept other (previously secured) employment but was unable to begin work for the second employer. Record, p. 27. This finding is reasonable and supported by the evidence. Wade asks this court to invade the province of the Review Board and conclude that he was *involuntarily* unemployed after making reasonable efforts to maintain the employment relationship. This we cannot do. *See City of Indianapolis v. Review Board* (1982), Ind.App., 441 N.E.2d 36, 39.

## III.

### Equal Protection

■ Finally, Wade contends that the Review Board's application of I.C. 22–4–15–1(c)(1) denied him equal protection of the law. He attacks the disparate treatment of persons whose initial employment is involuntarily terminated from those whose successive employment (held less than 10 weeks) is involuntarily terminated. He asserts that the differentiation is unrelated to the goals of the Indiana Employment Security Act, relying upon *Winder, supra.*

We observe that Wade has not established that he is a member of either class of *involuntarily* unemployed persons. See Issue II, *supra.* Moreover, the statutory provision which Wade finds constitutionally infirm has withstood a recent challenge. *Vicari v. Review Board* (1991), Ind. App., 568 N.E.2d 1061, *trans. denied.*

"Specifically, Vicari argues that the statute treats persons who have changed jobs within ten weeks of their involuntary unemployment differently from persons who have not changed jobs within ten weeks of their involuntary unemployment.

Equal protection of the laws does not mandate similar treatment for those individuals who are not similarly situated. *In re Terry* (1975), 262 Ind. 667, 329 N.E.2d 38, 39. Contrary to Vicari's assertion, the two groups of involuntarily unemployed persons she describes are not similarly situated. The group that changed jobs within ten weeks has not been employed as long as the group that did not change jobs. One of the goals of the Indiana Employment Security Act is to encourage employment stability; thus, when a person voluntarily leaves one job for another, IND.CODE § 22–4–15–1(c)(1) requires at least ten weeks of employment on the new job before that person can qualify for unemployment compensation benefits. The ten-week requirement prevents excessive job-hopping and is rationally related to the goal of encouraging employment stability.

Vicari relies in large part on *Winder v. Review Bd. of Emp. Sec. Div.* (1988), Ind.App., 528 N.E.2d 854, a case in which this Court upheld an equal protection challenge to IND.CODE § 22–4–15–1(c)(1). However, unlike Vicari, Winder had two jobs, one full time and one part time. Winder quit her part-time job without good cause but maintained her full-time job until her involuntary termination. The Board denied Winder's claim for unemployment benefits based on the latter half of IND.CODE § 22–4–15–

1(c)(1), but this Court reversed the Board's decision because Winder would have been granted unemployment benefits from her full-time job if she had not held her part-time job."

*Id.* at 1063.

Wade was not denied equal protection of the law.

The denial of unemployment compensation benefits is affirmed.

HOFFMAN and GARRARD, JJ., concur.