Lisa K. BAILEY, Appellant–Petitioner,

v.

REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and Burlington Coat Factory, Appellees–Respondents.

No. 93A02–9512–EX–770.

Court of Appeals of Indiana.

Aug. 12, 1996.

Kathryn M. Williams, Israel Nunez Cruz, Legal Services Organization of Indiana, Inc., Indianapolis, for Appellant.

Pamela Carter, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellees.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Lisa K. Bailey appeals the decision of the Review Board of the Indiana Department of Workforce Development (the Board) which determined her to be ineligible for unemployment benefits.

We reverse and remand.

*ISSUES*

Bailey raises two issues, which we consolidate and restate as:

Whether the Board properly decided Bailey's case under the general provisions of the Employment Security Act applicable to employees who voluntarily leave employment, rather than the more specific provision which applies to employees who leave one employer while simultaneously employed by another.

*FACTS*

Bailey became unemployed in February of 1995 after her job of sixteen years with NBD National Bank was phased out. Bailey had also worked during the Christmas rush period, from October 1994 to December 1994, at a Burlington Coat Factory store. She worked part-time at Burlington while still employed at NBD, and quit the Burlington job due to a dispute with a co-worker. She continued working at NBD for over a month after leaving Burlington. Bailey applied for unemployment benefits after her involuntary separation from NBD, but she was denied benefits because she had quit the Burlington job.

*DISCUSSION AND DECISION*

When reviewing a decision by the Board, we determine whether the decision is reasonable in light of its findings. *Hughey v. Review Board,* 639 N.E.2d 1044, 1045 (Ind. Ct.App.1994), *trans. denied.* The Board's findings of fact are generally conclusive and binding upon this court. *Winder v. Review Board,* 528 N.E.2d 854, 856 (Ind.Ct.App. 1988). But when an appeal involves a question of law, we are not bound by the Board's interpretation of the law; we determine whether the Board correctly interpreted the law and correctly applied the applicable law. *Hughey,* 639 N.E.2d at 1046. We must give the Employment Security Act a liberal construction in favor of employees, because it is social legislation which merits such construction in order to promote its underlying humanitarian purposes. *Horvath v. Review Board,* 503 N.E.2d 441, 443 (Ind.Ct.App. 1987).

The Board did not correctly apply the applicable law to Bailey. Bailey was disqualified for unemployment benefits pursuant to Ind.Code 22-4-15-1(a) (Supp.1995), which provides that an individual who voluntarily leaves employment without good cause in connection with the work is ineligible for benefits until she has earned remuneration in employment equal to or exceeding the weekly benefit amount of her unemployment claim in each of eight weeks. The individual's total benefit amount is also reduced by 25%. Bailey's job at NBD did not continue for eight weeks after she quit her Burlington job.

The general provisions of Ind.Code 22–4–15–1(a) are subject to modification, however, when an individual such as Bailey, who is simultaneously employed at two jobs, voluntarily quits one:

> An individual shall not be subject to disqualification because of separation from his prior employment ... if, having been simultaneously employed by two (2) employers, he leaves one (1) such employer voluntarily without good cause in connection with the work but remains in employment with the second employer for at least ten (10) weeks subsequent to leaving the first employer, or if he left to accept recall made by a base period employer.

Ind.Code 22–4–15–1(c)(1).

Bailey quit her Burlington job while simultaneously employed by NBD, but did not continue working at NBD for at least ten weeks after leaving Burlington, suggesting that Bailey would have been disqualified for benefits even if the Board had based its decision on the applicable "simultaneous employment" provision of Ind.Code 22–4–15–1(c)(1) rather than the general "good cause" provisions of Ind.Code 22–4–15–1(a).

However, in *Winder*, we decided that a claimant who had quit a part time job while simultaneously employed at a full time job was entitled to unemployment benefits even though her full time job lasted for only eleven days after she quit her part time job. We noted that two goals of the Indiana Employment Security Act are to provide benefits to those unemployed through no fault of their own, and to encourage employment stability. 528 N.E.2d at 857. Winder was unemployed through no fault of her own when a new trustee fired her from her full-time job as a caseworker. Though she quit the seasonal part-time position she held while working for the trustee, she did so reasonably expecting to maintain full-time employment with the trustee. Thus, we determined, she was at-tempting to maintain stable employment. Because denial of Winder's benefits was not rationally related to the goals of the Employment Security Act, the application of the ten-week requirement of Ind.Code 22–4–15–1(c)(1) to her denied her equal protection of law under the Fourteenth Amendment to the United States Constitution:

> Winder had accrued a right to unemployment benefits from her full-time employer. If she had not held a part-time job ..., she would have been granted benefits from her [full time] job. We believe that the distinction drawn by the Board is arbitrary, bearing no rational relationship to the goals of the Indiana Employment Security Act. Winder is entitled to draw upon the [full-time employer's] contributions to the fund.

*Id.*[1]

Bailey's situation is similar. She had accrued a right to unemployment benefits from NBD, her full-time employer of sixteen years. If she had never taken the part-time Burlington job, she would have been granted benefits from NBD because she was unemployed through no fault of her own when her NBD job was phased out.

The Board attempts to distinguish *Winder* on the premise that "[w]hen [Bailey] began working at Burlington, she knew her job ... at a bank ... would be eliminated in February of the next year." (Appellee's brief at 2) (emphasis supplied). The Board also asserts in its brief that Bailey "knew that her primary job was being phased out, that she took the job at Burlington *for that reason....*" (Appellee's brief at 4) (emphasis supplied). Thus, the Board argues, Bailey was not unemployed through no fault of her own because she quit her job at Burlington knowing she would soon be unemployed from NBD. Therefore, unlike Winder, Bailey could not have left her part time job "reasonably expecting to maintain full time employment." 528 N.E.2d at 857.

---

1. Some seven years after *Winder* was decided, the Indiana legislature apparently adopted the *Winder* holding. Pub.L. No. 166–96, effective July 1, 1996, removed the requirement of ten weeks' subsequent employment with the second employer, and now provides that an individual is not subject to disqualification if he quits one employer but remains employed by the second employer "with a reasonable expectation of continued employment."

The evidence provides no support for the Board's position. The pages in the record to which the Board refers us in support of its characterization of the facts are devoid of evidence of when Bailey became aware that her job at NBD was being phased out, that she became aware of the plan to phase out her NBD job *before* she took the Burlington job, that the prospective elimination of the NBD job was Bailey's motivation for taking the Burlington job, or that Bailey knew her job with NBD would end the following February. Nor does our independent search of the record reveal any evidence which supports the Board's characterization of the facts.

Furthermore, neither the Administrative Law Judge (ALJ) nor the Board made any specific findings of fact regarding whether Bailey had a reasonable expectation of continued employment with NBD after leaving Burlington, presumably because the ALJ decided Bailey's case under the general "good cause" provisions of the Act, and not the provision applicable to employees like Bailey who quit one job while simultaneously employed at another. The Board's position on appeal turns on its pure speculation about what Bailey knew about her NBD job status, when she knew it, and what her motivation was for accepting the Burlington job. Because the Board's speculative assertions and characterizations are not supported by references to the record, the Board has left us without any basis for reviewing its argument, *see* Ind. Appellate Rule 8.3(A)(7); App. R. 8.3(B); *Gibraltar Mut. Ins. Co. v. Hoosier Ins. Co.*, 486 N.E.2d 548, 554 (Ind.Ct.App. 1985), *modified on other gnds.* 489 N.E.2d 592 (Ind.Ct.App.1986), and we consider its argument waived.

■ In an unemployment eligibility determination, the findings of fact on which the Board bases its decision must contain all the specific facts relevant to the contested issues. *Scholl v. Review Board*, 461 N.E.2d 691, 692 (Ind.Ct.App.1984). When, as here, benefits are denied, the Board's findings should exclude every possibility of recovery that is at issue. *Id.* at 693. So, the Board in Bailey's case should have made a finding of fact concerning whether Bailey had a reasonable expectation of continued full time employment at NBD when she left Burlington. Because it is not within the powers of this court to make such a finding, *id.*, we must remand.

### CONCLUSION

The Board erred when it determined Bailey ineligible for unemployment benefits under the general "good cause" provisions of Ind.Code 22–4–15–1(a), failed to apply the "simultaneous employment" provisions of Ind.Code 22–4–15(c)(1) as interpreted by *Winder*, and made no factual determination whether Bailey had a "reasonable expectation of continued employment" with NBD at the time she left Burlington.

We reverse and remand for further proceedings consistent with this opinion.

HOFFMAN, J., concurs.

CHEZEM, J., concurs in result with separate opinion.

CHEZEM, Judge, concurring in result.

I respectfully concur in result. The holdings of this court have recognized that the relevant act should be liberally construed so as to give effect to its beneficent, humane and sound economic policy. "However, such liberal construction cannot be used to give benefits to those whom the Legislature has determined are not entitled thereto." *Jackson v. Review Board of the Indiana Employment Security Division*, 135 Ind.App. 22, 191 N.E.2d 525, 528 (1963). At the time *Winder v. Review Board*, 528 N.E.2d 854 (Ind.Ct. App.1988) was issued, the legislature, in my view, had not determined that persons in Winder's (or Bailey's) position should be entitled to benefits. Thus, the *Winder* court seemed to be rewriting the statute. However, the legislature has recently eliminated the ten week requirement and added the "reasonable expectation of continued employment" language, perhaps lifting that lan-

guage from the *Winder* case. *See* Pub.L. No. 166–96. While I recognize that Pub.L. No. 166–96 did not become effective until after the relevant events in Bailey's case, I am now comfortable concluding that Bailey may fit within the category of persons whom the legislature has determined shall be enti-tled to benefits, depending, of course, upon the facts gleaned during future proceedings.