**KENTUCKY TRUCK SALES, INC.,**
**Appellant–Respondent,**

v.

**REVIEW BOARD OF the INDIANA DE-PARTMENT OF WORKFORCE DE-VELOPMENT and Brenda Nix, Appellees–Claimants.**

No. 93A02–9711–EX–757.

Court of Appeals of Indiana.

July 28, 1998.

John O. Sheller, Smith and Smith, Louisville, KY, for Appellant–Respondent.

Jeffrey A. Modisett, Attorney General, Randi E. Froug, Deputy Attorney General, Indianapolis, for Appellees–Claimants.

## OPINION

BAKER, Judge.

Appellant-respondent Kentucky Truck Sales, Inc. appeals the decision of the Review Board of the Indiana Department of Work-force Development which granted appellee-claimant Brenda L. Nix unemployment compensation benefits. Although Kentucky Truck presents several issues for our review, we find its contention, that Nix was discharged for just cause, dispositive.

Nix delivered parts for Kentucky Truck from October 31, 1994, until June 25, 1997, when she was discharged for refusing to transport one of Kentucky Truck's customers to a certain location during a delivery. Following her discharge, Nix applied for unemployment compensation benefits. Kentucky Truck contested her claim, arguing that Nix had been discharged for just cause. After a deputy for the Indiana Workforce Development ruled in favor of Kentucky Truck, Nix appealed.

A hearing was held before an administrative law judge on July 28, 1997. Thereafter, the ALJ concluded that Kentucky Truck did not prove that Nix had been discharged for just cause. Specifically, the ALJ found that Kentucky Truck's case was based entirely on hearsay and that there was no evidence that Nix had been warned that her failure to transport customers during her deliveries would result in termination. On September 18, 1997, the Review Board adopted the ALJ's findings of fact and conclusions of law. Kentucky Truck now appeals.

In his findings of fact and conclusions of law, the ALJ stated that an employee's refusal to follow an employer's instructions may result in termination for just cause. The ALJ then found that Nix had been instructed, but refused, to transport a customer on June 25, 1997. Nevertheless, the ALJ concluded that, because the management of Kentucky Truck failed to warn Nix that her refusal could result in termination, Kentucky Truck failed to show that Nix had been discharged for just case. Record at 75. We disagree.

IND. CODE § 22–4–15–1 provides that an employee's refusal to obey an employer's instructions is just cause for termination. However, nothing in the statute requires an employer to warn the employee that her refusal to obey can result in discharge. I.C. § 22–4–15–1(d)(5). Here, the record reveals that Nix admitted that she was told, but

refused, to transport a customer during one of her deliveries. R. at 49, 57. Nix's refusal supported her termination for just cause. *See Jones v. Review Bd. of Indiana Dep't of Employment and Training Services,* 583 N.E.2d 196, 200 (Ind.Ct.App.1991) (claimant's statement that he would not attend future weekly staff meetings provided just cause for dismissal, precluding award of unemployment compensation benefits).[1] Because we are not bound by the Review Board's interpretation of law, *see Bailey v. Review Bd. of Indiana Dep't of Workforce Dev.,* 668 N.E.2d 1293, 1294 (Ind.Ct.App.1996), we reverse the Review Board's ruling that Nix was not terminated for just cause and remand for proceedings not inconsistent with this opinion.

Judgment reversed.

SULLIVAN and KIRSCH, JJ., concur.

---

1. We acknowledge that an employer's instruction must be reasonable. *Sloan v. Review Bd. of the Indiana Employment Sec. Div.,* 444 N.E.2d 862, 865 (Ind.Ct.App.1983). However, Nix does not make that assertion on appeal. Further, although at the administrative hearing Nix alluded to some safety concerns she may have had in transporting the customer, she also admitted that, immediately after the request was made and after she had returned from the delivery, she never told her employer that she feared for her safety. R. at 58. Rather, she indicated only that she disobeyed the instruction because she wanted to deliver her parts. R. at 57–58. Finally, the record reveals that Nix had transported customers on previous occasions without incident. R. at 57. Thus, we cannot say that the employer's instruction was unreasonable.